Thao CHAU and Ha Dien Do, Individually, and on Behalf of their Minor Child, S.D.D., Petitioners,

v.

Jefferson RIDDLE, M.D. and Greater Houston Anesthesiology, P.A., Respondents.

No. 07–0035.

Supreme Court of Texas.

May 16, 2008.

Rehearing Denied June 27, 2008.

Ron S. Rainey, Stephen V. Buttram, Michael M. Essmyer, for Petitioner.

Jeffrey B. McClure, Virginia A. Barry, Cameron Phair Pope, for Respondent.

PER CURIAM.

Thao Chau and her family brought this healthcare liability suit against Dr. Jefferson Riddle and his professional association, Greater Houston Anesthesiology, P.A., alleging that Riddle's negligence in intubating Chau's son, S.D., deprived him of oxygen and caused brain damage. The trial court granted the defendants' motion for summary judgment and a divided court of appeals affirmed, reasoning that Riddle conclusively established the Good Samaritan defense. 212 S.W.3d 699, 711. We hold, however, that Riddle did not conclusively establish that he is entitled to the Good Samaritan defense, and, accordingly, we reverse the court of appeals' judgment.

Riddle was the on-call anesthesiologist for the labor and delivery suites at Memorial Hermann Southwest Hospital on the night of October 29–30, 2001. While on his shift, Riddle was called upon to administer anesthesia to Chau during her emergency cesarean section. When S.D., one of Chau's twins, was delivered, he was not breathing. After the nurses and residents present were unable to resuscitate S.D., Dr. Duc Le, Chau's obstetrician and her attending physician, asked Riddle to intubate S.D. It is undisputed that Riddle did so, then, allegedly without performing all the immediate follow-up checks typically required by the standard of care and leaving the nurses and residents to secure the tube, returned to Chau. The nurses and residents continued to attempt to resuscitate S.D., but they were unsuccessful. Twelve minutes after Riddle's intubation, the neonatologist arrived and discovered that the tube was in S.D.'s esophagus instead of his trachea. As soon as she moved the tube to S.D.'s trachea, he began to breathe, but had suffered permanent brain damage in the interim.

In the trial court, Riddle and Greater Houston Anesthesiology (collectively "Riddle") argued that because Riddle had responded to the emergency of S.D. not being able to breathe, Texas's Good Samaritan statute precluded any liability for

negligence.[1] Riddle moved for summary judgment, arguing both that he had conclusively proved he was entitled to the affirmative Good Samaritan defense and that Chau had presented no evidence of duty or causation. The trial court granted Riddle's motion without specifying the grounds, and the court of appeals affirmed, reasoning that Riddle had established the Good Samaritan defense as a matter of law. *Id.*

■ In this Court, Chau challenges the court of appeals' holding that the trial court did not abuse its discretion in enforcing a docket control order or in striking part of Chau's expert testimony. We agree with the court of appeals' resolution of those issues. However, we agree with Chau that the court of appeals erred in concluding that Riddle conclusively established the Good Samaritan defense.

■ To prevail on his summary-judgment motion on the Good Samaritan affirmative defense, Riddle had the burden to conclusively establish each of its elements. *McIntyre v. Ramirez,* 109 S.W.3d 741, 742, 748 (Tex.2003). Under the Good Samaritan statute, a medical professional assisting in an emergency in a hospital may be exempted from liability for medical negligence under certain circumstances. *See* Tex. Civ. Prac. & Rem.Code § 74.001(c); *McIntyre,* 109 S.W.3d at 744. However, that exemption from liability is subject to a number of exceptions, three of which are at issue here. In pertinent part, the statute provides:

(b) This section does not apply to care administered:

(1) for or in expectation of remuneration;

. . .

(c) If the scene of an emergency is in a hospital or other health care facility or means of medical transport, a person who in good faith administers emergency care is not liable in civil damages for an act performed during the emergency unless the act is wilfully or wantonly negligent, provided that this subsection does not apply to care administered:

(1) by a person who regularly administers care in a hospital emergency room unless such person is at the scene of the emergency for reasons wholly unrelated to the person's work in administering health care; or

(2) by an admitting or attending physician of the patient or a treating physician associated by the admitting or attending physician of the patient in question.

Tex. Civ. Prac. & Rem.Code § 74.001(b)-(c). Thus, a doctor performing his or her work in an emergency room, a doctor associated by the admitting or attending physician, and a doctor who charges for his or her services are all precluded from the statute's protection. Chau contends Riddle falls under each of these exceptions. Because we agree that there is at least an issue of material fact as to whether Riddle was "associated by the admitting or attending physician," we need not consider whether Riddle regularly administers care in an emergency room or charged for his services. *Id.* § 74.001(c)(2).

We assume, as the parties do, that Riddle administered emergency care to S.D.

---

1. At the time of these events, the Good Samaritan statute was codified at Texas Civil Practice and Remedies Code section 74.001. It has since been heavily amended and is now found at Texas Civil Practice and Remedies Code section 74.151. All references to the Good Samaritan statute in this opinion will be to section 74.001 as it stood in 2001. *See* Act of June 16, 1985, 69th Leg., R.S., ch. 962, 1985 Tex. Gen. Laws 3325, *amended by* Act of June 19, 1993, 73d Leg., R.S., ch. 960, 1993 Tex. Gen. Laws 4193–94, *amended by* Act of June 18, 1999, 76th Leg., R.S., ch. 679, 1999 Tex. Gen. Laws 3251.

In holding that Riddle conclusively proved he was not associated by the attending physician, the court of appeals ignored Chau's expert's testimony that he was a part of a "labor and delivery team" and was expected to share in the care of both the mother and the newborn. The expert testified:

> If is foreseeable that an anesthesiologist may have to intubate a newborn when called to assist in a cesarean section such as the one in this case. This is because it happens on an anesthesiologist's watch from time to time where there is no neonatologist, where he/she has not yet arrived, or even when the neonatologist is present but requests assistance. By virtue of the fact that a child is about to be delivered, when a neonatologist is not present, the anesthesiologist knows that as part of the labor and delivery team, he may be sharing in the care and responsibility of the mother and child (or children) being delivered.

This testimony raises a question of material fact as to whether Riddle was associated by S.D.'s physician in his treatment immediately following delivery. This evidence does not conclusively show Riddle is not entitled to the Good Samaritan defense, but it does preclude summary judgment in his favor. Thus, the court of appeals erred in affirming summary judgment for Riddle on his affirmative defense.

▇▇▇▇ Our application of the statute in this case is consistent with the legislative purpose behind extending the Good Samaritan defense to medical professionals in hospital settings. The statute is intended to increase the incentives for physicians to respond voluntarily to medical emergencies, even if they occur in a hospital. *McIn-*

*tyre,* 109 S.W.3d at 745. The exclusions built into the statute ensure that medical professionals are only entitled to the defense if their actions are truly *voluntary,* not simply part of the professional's ordinary duties. *See* TEX. CIV. PRAC. & REM. CODE § 74.001(b)-(c). As such, this case can be distinguished from *McIntyre,* where we upheld the doctor's assertion of the Good Samaritan defense. There, Douglas McIntyre, an obstetrician, was in the hospital visiting one of his patients when he responded to a page over the intercom requesting that a doctor immediately assist with Debra Ramirez's delivery. Unlike in this case, McIntyre was not part of the dedicated medical staff working with Ramirez, was not on-call, and was not expected to respond to such an emergency. Instead, he was going about his scheduled appointments when he voluntarily came to another patient's aid. *McIntyre,* 109 S.W.3d at 743, 749.[2] In contrast, there is evidence here that it was part of Riddle's job as the anesthesiologist in the delivery room to intubate a newborn if the circumstances required.

Given the legislative purpose behind the Good Samaritan defense and the testimony that Riddle was part of a "labor and delivery team," we cannot agree with the court of appeals' conclusion that Riddle established his entitlement to the defense as a matter of law. Accordingly, without hearing oral argument, we grant the petition for review, reverse the court of appeals' judgment, and remand to the court of appeals to consider whether the summary judgment should be affirmed on alternative grounds. *See* TEX.R.APP. P. 59.1.

---

**2.** In *McIntyre,* we addressed only the remuneration exception to the Good Samaritan defense; we did not discuss whether McIn-

tyre fit into the "associated by" exception. *McIntyre,* 109 S.W.3d 741.