02-10-406-CV












 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00406-CV

 

 


 
 
 Melinda Polk
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 New Green Meadow, L.L.C.
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 141st District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

         
Appellant Melinda Polk appeals the trial court’s order granting summary
judgment in favor of New Green Meadow, L.L.C. (New
Green Meadow).  We will affirm.

Background
Facts

         
Magnus Lofgren is the owner of New Green Meadow, who owns and operates an
apartment complex called Green Meadow Apartments (the Apartments).  In
November 2007, Lofgren hired Fred Herrera to repair a staircase in the
complex.  Specifically, Herrera had to remove and replace two of the
concrete steps.  Herrera provided his own equipment, tools, and
supplies.  The parties do not dispute that Herrera was an independent
contractor.

         
On the day Herrera was working at the Apartments, Polk went to visit a friend
who lived in the complex.  Polk’s friend lived on the second floor, which
was accessible by the staircase being repaired. 
The staircase was not cordoned off or otherwise blocked to prevent people using
it.  Herrera had removed some steps halfway up the staircase, but Polk
claims not to have noticed.  Herrera stood by the stairs “working on
something.”  Herrera watched Polk near the stairs, but believing that she
was going into a first-floor apartment, turned back to his work.  Polk
started up the stairs, “looking straight ahead,” and fell through the hole left
by the removed steps.

         
Polk sued New Green Meadow and Herrera.  New Green Meadow filed a
traditional and no evidence motions for summary judgment.  It argued that
Herrera was an independent contractor, that Polk was
injured by a dangerous condition caused by Herrera’s work, and thus, New Green
Meadow owed no duty to Polk as a matter of law.  The trial court granted
New Green Meadow’s motion and severed New Green Meadow from the case. 
This appeal followed.

Standard
of Review

We
review a summary judgment de novo.  Travelers Ins.
Co. v. Joachim, 315 S.W.3d 860, 862 (Tex. 2010). 
We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding
evidence contrary to the nonmovant unless reasonable
jurors could not.  Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  We indulge every
reasonable inference and resolve any doubts in the nonmovant’s
favor.  20801, Inc. v. Parker, 249 S.W.3d 392, 399 (Tex. 2008).  A defendant is
entitled to summary judgment on an affirmative defense if the defendant
conclusively proves all the elements of the affirmative defense.  Frost
Nat’l Bank v. Fernandez, 315 S.W.3d 494, 508–09
(Tex. 2010); see Tex. R. Civ. P. 166a(b), (c).  To accomplish this, the defendant-movant must present summary judgment evidence that
conclusively establishes each element of the affirmative defense.  See Chau v. Riddle, 254 S.W.3d 453, 455 (Tex. 2008).

When
reviewing a no-evidence summary judgment, we examine the entire record in the
light most favorable to the nonmovant, indulging
every reasonable inference and resolving any doubts against the motion.  Sudan v. Sudan, 199 S.W.3d 291,
292 (Tex. 2006).  We review a no-evidence summary judgment for
evidence that would enable reasonable and fair-minded jurors to differ in their
conclusions.  Hamilton, 249 S.W.3d at 426
(citing City of Keller v. Wilson, 168 S.W.3d
802, 822 (Tex. 2005)).  We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard
evidence contrary to the nonmovant unless reasonable
jurors could not.  Timpte Indus., Inc.
v. Gish, 286 S.W.3d 306, 310 (Tex. 2009) (quoting
Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006)).  If the nonmovant brings forward more than a scintilla of probative
evidence that raises a genuine issue of material fact, then a no-evidence
summary judgment is not proper.  Smith v. O’Donnell,
288 S.W.3d 417, 424 (Tex. 2009).

Discussion

         
In her first point, Polk argues that New Green Meadow retained control of the
premises while Herrera worked and thus owed Polk a duty to warn her of the dangerous
condition of the stairs.  Generally, an owner does not have a duty to see
that an independent contractor performs his work in a safe manner.  Redinger
v. Living, Inc., 689 S.W.2d 415, 418 (Tex. 1985). 
However, an owner may be liable when he exercises control over the independent
contractor’s work.  Id.; see also Lee Lewis Const., Inc.
v. Harrison, 70 S.W.3d 778, 783 (Tex. 2001) (“The
general contractor’s duty of care is commensurate with the control it retains
over the independent contractor’s work.”).  The right to control “must be
more than a general right to order the work to start or stop, to inspect
progress or receive reports.”  Redinger, 689 S.W.2d at 418.  It
includes “the power to direct the order in which the work shall be done, or to
forbid it being done in a manner likely to be dangerous.”  Id.
(quoting Restatement (Second) of Torts § 414, cmt.
a (1965)).

         
There is no evidence that New Green Meadow retained control over the staircase
while Herrera worked on it.  Lofgren stated in an affidavit that neither
he nor anyone else from New Green Meadow directed Herrera’s work.  Neither
was there evidence that Lofgren was overseeing Herrera or inspecting his
work.  Further, there was no evidence that New Green Meadow knew or should
have known that Herrera was performing his work in an allegedly unsafe
manner.  See Dow Chem. Co. v. Bright, 89 S.W.3d
602, 609 (Tex. 2002) (“This Court has recognized that a general contractor has
actually exercised control of a premises when the general contractor knew of a
dangerous condition before an injury occurred and approved acts that were
dangerous and unsafe.”); cf. Koko Motel, Inc. v. Mayo, 91 S.W.3d 41, 47 (Tex. App.—Amarillo 2002, pet. denied)
(holding that the right to control is irrelevant when, as in that case, the
owner knew of the dangerous condition).  The dangerous condition of the
stairs (i.e., the hole created by the removed steps) did not exist prior
to Herrera’s work.  Herrera had done work for New Green Meadow before, and
his work had been satisfactory.  It is undisputed that Lofgren was not
near the staircase at the time of the fall, and had to be notified of the
incident at his office elsewhere on the complex.  There is no evidence
that Lofgren had inspected the stairs while Herrera worked or that anyone
informed New Green Meadow that Herrera had not cordoned off the
staircase.  Because there is no evidence that Lofgren retained the right
to control the staircase, and because an owner’s duty of care “is commensurate
with the control it retains over the independent contractor’s work,” Lee
Lewis Const., 70 S.W.3d at 783, there is no
evidence that New Green Meadow owed Polk a duty of care.  The trial court
therefore did not err in granting New Green Meadow’s motion for summary
judgment.  We overrule Polk’s first issue.

         
In Polk’s second issue, she argues that there is a fact question as to whether
the dangerous condition was open and obvious, but whether the condition was open
and obvious is irrelevant.  New Green Meadow had relinquished control of
the premises and did not control Herrera’s work; it therefore did not owe a
duty to Polk for any condition created by Herrera’s work, regardless of whether
that condition was open and obvious.  See Shell Oil Co. v. Khan,
138 S.W.3d 288, 295 (Tex. 2004) (noting that an owner
has no duty in regards to defects created by an independent contractor’s work
“unless it retains a right to control the work that created the defect”); 
Abalos v. Oil Dev. Co. of Tex., 544 S.W.2d 627, 631 (Tex. 1976) (“[W]here the activity is
conducted by, and is under the control of, an independent contractor, and where
the danger arises out of the activity staff, the responsibility or duty is that
of the independent contractor, and not that of the owner of the
premises.”).  It is undisputed that the condition did not exist prior to
Herrera assuming control of the stairwell; thus, New Green Meadow cannot be
held liable under a duty to warn of a pre-existing condition.  See
Shell Oil, 138 S.W.3d at 295 (“With respect to
existing defects, an owner or occupier has a duty to inspect the premises and
warn of concealed hazards the owner knows or should have known about.”). 
We overrule Polk’s second issue.

Conclusion

         
Having overruled both of Polk’s issues, we affirm the trial court’s judgment.

 

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

 

DELIVERED:  June 2,
2011



 









[1]See
Tex. R. App. P. 47.4.