

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00406-CV

MELINDA POLK                                                         APPELLANT

V.

NEW GREEN MEADOW, L.L.C.                                             APPELLEE

----------

## FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Melinda Polk appeals the trial court's order granting summary judgment in favor of New Green Meadow, L.L.C. (New Green Meadow). We will affirm.

## Background Facts

Magnus Lofgren is the owner of New Green Meadow, who owns and operates an apartment complex called Green Meadow Apartments (the

---

[1]*See* Tex. R. App. P. 47.4.

Apartments).  In November 2007, Lofgren hired Fred Herrera to repair a staircase in the complex.  Specifically, Herrera had to remove and replace two of the concrete steps.  Herrera provided his own equipment, tools, and supplies.  The parties do not dispute that Herrera was an independent contractor.

On the day Herrera was working at the Apartments, Polk went to visit a friend who lived in the complex.  Polk's friend lived on the second floor, which was accessible by the staircase being repaired.  The staircase was not cordoned off or otherwise blocked to prevent people using it.  Herrera had removed some steps halfway up the staircase, but Polk claims not to have noticed.  Herrera stood by the stairs "working on something."  Herrera watched Polk near the stairs, but believing that she was going into a first-floor apartment, turned back to his work.  Polk started up the stairs, "looking straight ahead," and fell through the hole left by the removed steps.

Polk sued New Green Meadow and Herrera.  New Green Meadow filed a traditional and no evidence motions for summary judgment.  It argued that Herrera was an independent contractor, that Polk was injured by a dangerous condition caused by Herrera's work, and thus, New Green Meadow owed no duty to Polk as a matter of law.  The trial court granted New Green Meadow's motion and severed New Green Meadow from the case.  This appeal followed.

**Standard of Review**

We review a summary judgment de novo.  *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).  We consider the evidence presented in the

2

light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c). To accomplish this, the defendant-movant must present summary judgment evidence that conclusively establishes each element of the affirmative defense. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton*, 249 S.W.3d at 426 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex.

2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009).

**Discussion**

In her first point, Polk argues that New Green Meadow retained control of the premises while Herrera worked and thus owed Polk a duty to warn her of the dangerous condition of the stairs. Generally, an owner does not have a duty to see that an independent contractor performs his work in a safe manner. *Redinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex. 1985). However, an owner may be liable when he exercises control over the independent contractor's work. *Id.*; *see also Lee Lewis Const., Inc. v. Harrison*, 70 S.W.3d 778, 783 (Tex. 2001) ("The general contractor's duty of care is commensurate with the control it retains over the independent contractor's work."). The right to control "must be more than a general right to order the work to start or stop, to inspect progress or receive reports." *Redinger*, 689 S.W.2d at 418. It includes "the power to direct the order in which the work shall be done, or to forbid it being done in a manner likely to be dangerous." *Id.* (quoting Restatement (Second) of Torts § 414, cmt. a (1965)).

There is no evidence that New Green Meadow retained control over the staircase while Herrera worked on it. Lofgren stated in an affidavit that neither he nor anyone else from New Green Meadow directed Herrera's work. Neither was

4

there evidence that Lofgren was overseeing Herrera or inspecting his work. Further, there was no evidence that New Green Meadow knew or should have known that Herrera was performing his work in an allegedly unsafe manner. *See Dow Chem. Co. v. Bright*, 89 S.W.3d 602, 609 (Tex. 2002) ("This Court has recognized that a general contractor has actually exercised control of a premises when the general contractor knew of a dangerous condition before an injury occurred and approved acts that were dangerous and unsafe."); *cf. Koko Motel, Inc. v. Mayo*, 91 S.W.3d 41, 47 (Tex. App.—Amarillo 2002, pet. denied) (holding that the right to control is irrelevant when, as in that case, the owner knew of the dangerous condition). The dangerous condition of the stairs (*i.e.*, the hole created by the removed steps) did not exist prior to Herrera's work. Herrera had done work for New Green Meadow before, and his work had been satisfactory. It is undisputed that Lofgren was not near the staircase at the time of the fall, and had to be notified of the incident at his office elsewhere on the complex. There is no evidence that Lofgren had inspected the stairs while Herrera worked or that anyone informed New Green Meadow that Herrera had not cordoned off the staircase. Because there is no evidence that Lofgren retained the right to control the staircase, and because an owner's duty of care "is commensurate with the control it retains over the independent contractor's work," *Lee Lewis Const.*, 70 S.W.3d at 783, there is no evidence that New Green Meadow owed Polk a duty of care. The trial court therefore did not err in granting New Green Meadow's motion for summary judgment. We overrule Polk's first issue.

5

In Polk's second issue, she argues that there is a fact question as to whether the dangerous condition was open and obvious, but whether the condition was open and obvious is irrelevant. New Green Meadow had relinquished control of the premises and did not control Herrera's work; it therefore did not owe a duty to Polk for any condition created by Herrera's work, regardless of whether that condition was open and obvious. *See Shell Oil Co. v. Khan*, 138 S.W.3d 288, 295 (Tex. 2004) (noting that an owner has no duty in regards to defects created by an independent contractor's work "unless it retains a right to control the work that created the defect"); *Abalos v. Oil Dev. Co. of Tex.*, 544 S.W.2d 627, 631 (Tex. 1976) ("[W]here the activity is conducted by, and is under the control of, an independent contractor, and where the danger arises out of the activity staff, the responsibility or duty is that of the independent contractor, and not that of the owner of the premises."). It is undisputed that the condition did not exist prior to Herrera assuming control of the stairwell; thus, New Green Meadow cannot be held liable under a duty to warn of a pre-existing condition. *See Shell Oil*, 138 S.W.3d at 295 ("With respect to existing defects, an owner or occupier has a duty to inspect the premises and warn of concealed hazards the owner knows or should have known about."). We overrule Polk's second issue.

**Conclusion**

Having overruled both of Polk's issues, we affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DELIVERED:  June 2, 2011