

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00478-CV

Jim **MORRIS**,
Appellant

v.

**HSBC BANK USA**, National Association as Trustee for the Benefit of the Certificate Holders,
Nomura Home Equity Loan, Inc., Asset-Backed Pass-Through Certificates, Series 2005-FM1,
Appellee

From the County Court at Law No. 1, Tarrant County, Texas
Trial Court No. 2011-002736-1
The Honorable Don Pierson, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Catherine Stone, Chief Justice
    Sandee Bryan Marion, Justice
    Rebeca C. Martinez, Justice

Delivered and Filed:  April 17, 2013

AFFIRMED

Jim Morris appeals from a summary judgment granted in favor of HSBC Bank USA (the

"Bank") in a suit alleging wrongful foreclosure.  We affirm the judgment of the trial court.

### BACKGROUND

On January 13, 2005, Morris executed a Texas Home Equity Adjustable Rate Note

payable to the order of Freemont Investment & Loan in the principal amount of $351,200 (the

"Note").  To secure payment of the Note, Morris concurrently executed a Texas Home Equity

Security Instrument ("Deed of Trust").  The Deed of Trust encumbered the property located at

2501 South Adams Street in Fort Worth. Morris defaulted on his repayment obligations under the Note and Deed of Trust. Therefore, on April 11, 2007, Countrywide Home Loans, as mortgage servicer, notified Morris of the default of his repayment obligations. On June 28, 2007, counsel for Countrywide notified Morris by certified mail that Countrywide had accelerated the maturity of the debt.

On July 19, 2007, the Bank instituted a nonjudicial foreclosure action pursuant to Rule 736. *See* TEX. R. CIV. P. 736. The Bank's application for expedited foreclosure was filed in Cause Number 342-224989-07 in the 342nd Judicial District Court of Tarrant County, Texas. The district court granted the Bank's application and entered a Default Home Equity Foreclosure Order authorizing the Bank to "proceed with a foreclosure sale." After serving Morris with notice of sale, the South Adams Street property was foreclosed and sold at auction on March 4, 2008. Following the sale, on April 30, 2008, Morris sued the Bank to set aside the allegedly wrongful foreclosure and "to recover for the unlawful declaration of default and acceleration of maturity of the underlying promissory note, and for attorney fees." The petition was filed in Cause Number 096-230073-08 in the 96th Judicial District Court in Tarrant County. The Bank, in turn, filed a no-evidence motion for summary judgment, which was granted by the trial court in its entirety on January 7, 2010. Morris did not appeal.

More than a year later, on April 12, 2011, Morris filed a second lawsuit against the Bank in which he alleged claims for breach of contract and wrongful foreclosure regarding the South Adams Street property, and requested declaratory relief stemming from the foreclosure of the property. Morris claimed that despite the Bank's sale of the Adams Street property and its attempt to evict him from the property, the Bank failed to provide Morris adequate notice of assignment or notice of default, acceleration, or notice of sale pursuant to the Texas Property Code. In response, the Bank filed a motion for traditional and no-evidence summary judgment

arguing that all of Morris's claims are barred by res judicata, and, alternatively, that there is no evidence to support Morris's claims. Morris filed a response to the motion for summary judgment in which he asserted that the Bank's summary judgment evidence was insufficient and defective. Following a hearing, the trial court granted summary judgment in favor of the Bank without stating the basis for its ruling.

## *Standard of Review*

We review a grant of summary judgment *de novo. Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 331 S.W.3d 419, 422 (Tex. 2010). When the trial court does not specify the grounds for its ruling, a summary judgment will be affirmed if any of the grounds advanced by the motion are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000). A party moving for traditional summary judgment has the burden to prove that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Where, as here, a party moves for summary judgment on the grounds of an affirmative defense, the movant must plead and conclusively prove each essential element of its affirmative defense, thereby defeating the plaintiff's cause of action. *Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008); *Villanueva v. Gonzalez*, 123 S.W.3d 461, 464 (Tex. App.—San Antonio 2003, no pet.). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

## DISCUSSION

In a single issue on appeal, Morris argues the trial court erred in granting summary judgment because: (1) the Bank's motion was supported by a legally defective affidavit; (2) Morris's claims are not barred by res judicata; and (3) Morris was entitled to an accounting. Because we believe it to be dispositive of this appeal, we begin by addressing the issue of res

judicata. Morris contends that res judicata does not apply because Rule 736.9 provides that an expedited foreclosure order has no res judicata effect in any other judicial proceeding. *See* TEX. R. CIV. P. 736.9. Morris, however, fails to acknowledge the final judgment rendered by the 96th Judicial District Court in his first lawsuit. In its motion for summary judgment, the Bank argued that Morris's claims regarding the validity of the foreclosure in the present lawsuit are barred by res judicata because they were previously considered and found meritless by the 96th Judicial District Court in Cause Number 096-230073-08. Because res judicata is an affirmative defense, the Bank bore the burden of establishing as a matter of law that res judicata applied. *See* TEX. R. CIV. P. 94; *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001). Res judicata precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). For res judicata to apply, there must be: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action. *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). The doctrine seeks to bring an end to litigation, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy and prevent double recovery. *Id.*

Here, a prior final judgment on the merits by a court of competent jurisdiction exists. The Bank attached to its motion for summary judgment the "Order Granting No-Evidence Motion for Summary Judgment" rendered by the 96th Judicial District Court in Cause Number 096-230073-08 signed on January 7, 2010. Accordingly, the Bank conclusively proved the first element of its affirmative defense of res judicata.

As to the second element, the parties in the present matter and those in Cause Number 096-230073-08 are the same: Morris is/was the plaintiff and the Bank is/was the defendant. Thus, the Bank conclusively proved the second element of its affirmative defense of res judicata.

Finally, we must decide whether the second action was based on the same claims that were raised or could have been raised in the first action. In determining whether res judicata bars a subsequent lawsuit, Texas follows the "transactional" approach, which "provides that a final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose." *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 631 (Tex. 1992). Under the transactional approach, the subject matter of a suit is based on the factual matters that make up the gist of the complaint. *Id.* at 630. Any claim that arises out of those facts should be litigated in the same lawsuit. *Id.*; *see also Pustejovsky v. Rapid-American Corp.*, 35 S.W.3d 643, 651 (Tex. 2000).

Here, the record demonstrates that the issues asserted by Morris in the present lawsuit were litigated, or could have been litigated, in the first lawsuit. In the first lawsuit, Morris asserted that the foreclosure was wrongful because the Bank misrepresented to him that it would stop the foreclosure if he provided them with proof of a loan approval to refinance. In the second lawsuit, Morris again challenged the foreclosure, alleging that the Bank did not have a right to foreclose because it failed to follow proper procedures, i.e., breach of contract. These claims arise out of the same facts and could have been litigated in the first lawsuit. Because claims from both the first and second suits pertain to the March 4, 2008 foreclosure of the South Adams Street property, we conclude the Bank conclusively proved the third element of its affirmative defense of res judicata. Accordingly, the Bank met its summary judgment burden of conclusively proving each essential element of its affirmative defense. *See Chau*, 254 S.W.3d at 455.

**CONCLUSION**

We conclude that the Bank met its burden of conclusively proving the elements of its affirmative defense of res judicata, and established its right to judgment as a matter of law. Accordingly, we overrule Morris's issue on appeal and affirm the trial court's order granting summary judgment in favor of the Bank.

Rebeca C. Martinez, Justice