

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00189-CV

MATLOCK REALTY ENTERPRISE, INC.　　　　　　　　　　　　APPELLANT

V.

CROWN FINANCIAL, LLC　　　　　　　　　　　　　　　　APPELLEE

----------

## FROM THE 348TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 348-270906-14

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from a summary judgment order dismissing with prejudice Matlock Realty Enterprise, Inc.'s[2] wrongful foreclosure, breach of

---

[1] *See* Tex. R. App. P. 47.4.

[2] This is the name used in the trial court caption. In other parts of the record (and in Matlock's brief), its name is listed as Matlock Realty Enterprises, Inc., Matlock Reality Enterprises, Inc., and Matlock Reality Enterprise, Inc. We will use the name listed in the caption of the notice of appeal.

contract, and equitable estoppel suit against Crown Financial, Inc. In a single issue, Matlock contends that the trial court erred by dismissing its claims after determining they were barred by res judicata. We affirm.

**Factual and Procedural Background**

In May 2012 Crown loaned Matlock $1,100,000; Matlock signed a note, which was secured by a deed of trust on property located in Arlington, Texas. Matlock also signed an assignment of rents, accounts receivables, licenses, permits, and contracts as security for the note. Matlock defaulted on the note's monthly payments. Crown notified Matlock that it would be foreclosing on the property under the power of sale provision in the deed of trust on December 4, 2012. Matlock filed Chapter 11 bankruptcy proceedings on December 3, 2012.

On March 22, 2013, Crown filed a motion to lift the automatic stay in the bankruptcy court for the purpose of completing the foreclosure sale. The bankruptcy court granted the motion on April 16, 2013. Crown again scheduled the property for foreclosure under the deed of trust. On May 15, 2013, the bankruptcy court rendered an agreed order dismissing the bankruptcy, and the bankruptcy was closed on May 30, 2013. The foreclosure sale took place on June 4, 2013, and Crown purchased the property. However, Matlock had filed a second bankruptcy proceeding on June 3, 2013.

Crown filed a "Motion for Retroactive Annulment of the Automatic Stay" in the bankruptcy court. In it Crown alleged that neither it nor its counsel were aware that Matlock had filed the second bankruptcy until June 10, 2013 because

Crown's counsel had moved to a new office, and Matlock's counsel had faxed notice of the bankruptcy filing to his former office fax number. Crown asked the bankruptcy court to ratify the sale or grant it prospective relief from the automatic stay so that it could attempt the foreclosure sale again. On June 13, 2013, the bankruptcy court granted the motion, ordering as follows:

> 2. Crown is hereby granted relief from the automatic stay provisions of Section 362 of the Bankruptcy Code with respect to the Property as defined in the Motion.

> 3. Crown is hereby authorized to exercise any and all of its state law and contractual rights and remedies with respect to the Property, including, but not limited to, the foreclosure of its lien thereon.

In its order, the trial court noted that "no responses or objections have been filed . . . and the deadline for filing such responses or objections has passed."

On June 25, 2013, however, Matlock filed a response in which it denied that Crown did not properly receive notice of the second bankruptcy filing and asserted that the bankruptcy court "should not reward Crown for ignoring the automatic stay." After a hearing, the bankruptcy court rendered a second order. The text of that order is as follows:

1. The Motion is GRANTED as set forth herein.

2. Crown is hereby granted relief from the automatic stay provisions of Section 362 of the Bankruptcy Code with respect to the Property as defined in the Motion; *provided however, that this relief shall be effective as of the date of this order and the stay is not retroactively annulled so as to ratify the June 4, 2013 Foreclosure Sale*.

3. Crown is hereby authorized to exercise any and all of its state law and contractual rights and remedies with respect to the Property, including, but not limited to, the foreclosure of its lien thereon.

4. This order is stayed until the expiration of 14 days after its entry pursuant to Rule 4001 (a)(3) of the Federal Rules of Bankruptcy Procedure. [Emphasis added.]

Crown foreclosed on the property on September 3, 2013; once again, it was the successful bidder at the foreclosure sale. On September 13, 2013, Matlock filed a motion to dismiss the second bankruptcy, alleging that although the bankruptcy court had lifted the automatic stay, it had also allowed Matlock until September 2, 2013 to attempt to sell the property to a third party, that Matlock was unable to sell the property, and that Crown had foreclosed on the property. Crown filed a response in which it agreed to the dismissal but requested that the order be rendered with prejudice to refiling for at least 180 days. The bankruptcy court rendered an agreed order on October 15, 2013 dismissing the proceeding with prejudice to refiling for 180 days.

Nevertheless, on March 10, 2014, Matlock sued Crown in this state court action for wrongful foreclosure based on the void June 4, 2013 sale. Specifically, Matlock brought claims (1) for "equitable estoppel/unjust enrichment," alleging that Crown "took advantage of [Matlock] and surreptitiously foreclosed on the Property by failing to transfer title back to [Matlock] once the June 4, 2013 foreclosure was annulled," (2) for "breach of contract/wrongful foreclosure," alleging that Crown had failed to "transfer title back to [Matlock] upon the finding that the June 4, 2013 foreclosure proceeding was improper and outside the

4

express terms of the contract" and "failed to allow [Matlock] a reasonable opportunity to cure," (3) for injunctive relief, alleging that Crown was wrongfully attempting to sell the property to a third party as a result of its wrongful foreclosure, and (4) to quiet title because Crown never gave Matlock "the right to either cure its default under the Note or sell the property prior to foreclosure by virtue of [Crown's] receipt of fraudulent title."

Crown filed a motion for summary judgment alleging that all of Matlock's claims are barred by res judicata because Matlock could have raised them in the second bankruptcy proceeding before it was dismissed. The trial court granted the summary judgment motion and dismissed Matlock's claims with prejudice.

## Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b),

5

(c). To accomplish this, the defendant-movant must present summary judgment evidence that conclusively establishes each element of the affirmative defense. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008).

**Grounds in Summary Judgment Motion**

Crown argued in its motion that (1) the parties in this suit are identical to the parties in the bankruptcy court because Matlock's sole asset in the bankruptcy proceeding was the property, (2) the bankruptcy court had jurisdiction over the claims Matlock brought in this suit under 28 U.S.C.A. § 157; (3) the bankruptcy court's dismissal with prejudice is a final decision on the merits and has preclusive effect as to the issues in this suit, which could have been raised in that proceeding, and (4) under the Fifth Circuit's transactional test, "the operative facts of Matlock's claims in this case were in existence at the time its Second Bankruptcy was dismissed with prejudice[;] Matlock could and should have raised its claims in the bankruptcy court prior to the court's order dismissing with prejudice Matlock's bankruptcy." Matlock attached copies of filings in both bankruptcy court proceedings, as well as the loan documents.

In response, Matlock argued that (1) Crown provided no competent evidence in support of its motion, (2) nothing in the bankruptcy court's dismissal with prejudice "liquidates [Matlock's] claims for breach of contract or equitable estoppel" because the bankruptcy court "merely dismissed the case with the understanding that due to [Matlock's] previous filings a third filing would be subject to bad faith under Bankruptcy Code § 1112(b)", (3) the claims could not

have been raised in the second bankruptcy proceeding because they did not arise until the September 3, 2013 foreclosure, and (4) Crown should not receive the dual effect of a dismissal with prejudice and retention of title to the property as that title is a result of the June 2013 wrongful foreclosure; in other words, "to the extent [Crown] failed to return title to [Matlock] after the June, 2013 foreclosure, [Matlock] had no opportunity to either cure the Note by selling the Property or providing a hard money lender to purchase the Note prior to the September, 2013 foreclosure."

## Applicable Law

Generally, res judicata prevents a plaintiff from abandoning claims and subsequently asserting them when the claims could have been litigated in the prior suit. *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). For res judicata to apply, there must be (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them, and (3) a second action based on the same claims that were raised or could have been raised in the first action. *Id.* The doctrine seeks to bring an end to litigation, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery. *Id.*

Under the transactional approach followed in Texas, and also followed by the Fifth Circuit, a subsequent suit is barred if it arises out of the same subject matter as the prior suit, and that subject matter could have been litigated in the prior suit. *Id.*; *see Xitronix Corp. v. KLA-Tencor Corp.*, No. 03-12-00206-CV,

7

2014 WL 3893082, at *3 n.4 (Tex. App.—Austin Aug. 7, 2014, pet. denied) (mem. op.). A final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose. *Citizens Ins. Co.*, 217 S.W.3d at 449 (quoting *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 631 (Tex. 1992)). Determining the scope of the subject matter or transaction of the prior suit requires an analysis of the factual matters that make up the gist of the complaint, without regard to the form of action. *Id.* (quoting *Barr*, 837 S.W.2d at 630). This should be done pragmatically, giving weight to such considerations as (1) whether the facts are related in time, space, origin, or motivation, (2) whether they form a convenient trial unit, and (3) whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage. *Id.* (quoting *Barr*, 837 S.W.2d at 630). Any cause of action which arises out of those same facts should, if practicable, be litigated in the same lawsuit. *Id.* (quoting *Barr*, 837 S.W.2d at 630).

A bankruptcy court has jurisdiction over a claim if it arises from a matter related to the bankruptcy: if "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Matter of Wood*, 825 F.2d 90, 93 (5th Cir. 1987); *see also* 28 U.S.C.A. §§ 157(b)(2), 1334 (West 2006) (defining bankruptcy court's jurisdiction).

**Analysis**

Matlock challenges only whether the bankruptcy court's September 2013 dismissal with prejudice was a final judgment on the merits and whether its claims in this suit could have been brought in the bankruptcy proceeding.

Matlock contends that the bankruptcy court's dismissal was not final because (1) it precluded further filings for 180 days only and (2) it did not resolve any meritorious claims. "It is well settled within the Fifth Circuit that a 'dismissal with prejudice' is generally a final judgment on all issues raised *or that could have been raised* in the suit thereby dismissed," including with respect to bankruptcy proceedings. *ASARCO, LLC v. Montana Res., Inc.*, 514 B.R. 168, 207 (S.D. Tex. 2013) (mem. op. and order) (emphasis added). The bankruptcy court's dismissal order recited that the court had considered Crown's response to Matlock's motion to dismiss. In that response, which was filed after the September 2013 foreclosure sale, Crown requested the 180-day limitation on refiling "or, alternatively, that if [Matlock] files a subsequent bankruptcy case, the automatic stay shall not apply to Crown's right to foreclose its lien on the Property." Crown also alleged that Matlock

> has indicated to Crown that it may attempt to set aside the Second Foreclosure Sale [in September 2013] on technical grounds. While Crown believes that [Matlock's] objections to the Second Foreclosure Sale are groundless, in the unlikely event that [Matlock] is able to have the Second Foreclosure Sale set aside within the next 180 days, it should not be allowed to immediately re-file for bankruptcy relief yet again in order to frustrate Crown's efforts to re-post the Property for foreclosure by requiring Crown to obtain relief from the automatic stay a third time. [Matlock] has already

9

commenced two bankruptcy cases in the past 10 months and should not be allowed to frustrate Crown's efforts to exercise its state law rights and remedies with respect to the Property by filing a third bankruptcy case. Dismissal of [Matlock's] case with prejudice for 180 days or, alternatively, limiting the scope of the automatic stay in any future case filed by [Matlock] is warranted to put an end to [Matlock]'s "revolving door approach to bankruptcy."

Thus, the validity of the September 2013 foreclosure sale was at issue during the second bankruptcy proceeding.

The bankruptcy court had already granted Crown's motion to lift the stay specifically to allow the foreclosure sale to take place. As relief in this suit, Matlock not only sought special and compensatory damages, it sought an injunction prohibiting Crown from selling the property to a third party and rescission of the September foreclosure sale to quiet title in its name. Because Matlock's "very existence and all of its income and reorganization prospects derive[d] from the" property, the claims asserted in this suit relate to the bankruptcy; thus, the bankruptcy court would have had jurisdiction to consider them. *In re George West 59 Inv., Inc.*, 526 B.R. 650, 652–54 (N.D. Tex. 2015) (mem. op.); *cf. Wood*, 825 F.2d at 94 (holding that although post-petition claims generally are not dischargeable in bankruptcy, they can be if they "affect the estate").

Matlock further contends that it could not have brought its claims before the dismissal order because they did not arise until the actual foreclosure on September 4, 2013. Specifically, Matlock argues that it could not have reorganized as a single-asset entity in a Chapter 11 bankruptcy proceeding after

10

losing ownership of the property in the September foreclosure; thus, its "remedy, thereafter, was to fight the foreclosure and the effects of same in state [c]ourt which it ultimately did by filing this suit." But Matlock's claims do flow from the void June foreclosure: under our fair-notice-pleading standard, Matlock's claims allege that Crown's failure to transfer title back to Matlock after the June foreclosure thwarted its attempts to remediate the default to avoid the September foreclosure, thus rendering the September foreclosure wrongful. *See* Tex. R. Civ. P. 45, 47; *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993) (op. on reh'g). The operative facts underlying this claim are the same facts that were in existence when Matlock filed its motion to dismiss in the bankruptcy court. And this is the type of claim that can be brought in a bankruptcy proceeding because a recovery could potentially restore the sole asset of the debtor. *See George West 59 Inv.*, 526 B.R. at 653–54.

Accordingly, we conclude and hold that the record here shows that Matlock could have raised the claims alleged in this suit in its second bankruptcy proceeding and that the bankruptcy court's dismissal order was a final judgment on the merits. Therefore, we further conclude and hold that the trial court did not err by granting summary judgment for Crown dismissing Matlock's claims on the ground that they are barred by res judicata. We overrule Matlock's sole issue.

Moreover, having reviewed and considered Crown's motion for appellate sanctions under rule 45, and Matlock's response, we deny the motion. *See* Tex. R. App. P. 45.

11

## Conclusion

Having overruled Matlock's sole issue on appeal, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  February 4, 2016