

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00185-CV

_____

TIMOTHY LIVINGSTON AND LORI LIVINGSTON, Appellants

V.

U.S. BANK NATIONAL ASSOCIATION, Appellee

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. CV14-05-319

Before Kerr, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

This appeal arises out of a home-equity loan dispute involving Appellants Timothy Livingston and Lori Livingston and Appellee U.S. Bank National Association. In two issues, Appellants challenge the trial court's order denying their motion for summary judgment on U.S. Bank's judicial foreclosure claim. Because the trial court properly denied Appellants' motion for summary judgment based on res judicata as well as fact questions in Appellants' summary judgment evidence, we affirm.

## II. BACKGROUND

On October 23, 2006, Appellants executed a Texas Home Equity Note, which governed the terms of Appellants' obligation to repay a $320,000 home-equity loan to National City Mortgage, a division of National City Bank, at the rate of $2,075.52 in monthly installments, beginning December 1, 2006, and continuing each month thereafter until paid or until November 1, 2036, at which time the Note will mature. On the same day, Appellants executed a Texas Home Equity Security Instrument (Security Instrument or Deed of Trust), which granted National City a lien on the property. The Deed of Trust gave National City the right to foreclose on the property in the event of Appellants' default on the payments under the Note.

PNC Bank, N.A. is the successor by merger to National City. PNC later assigned the Deed of Trust to U.S. Bank. PNC remained the mortgage servicer of the loan since the assignment. U.S. Bank is the owner and holder of the Note.

Beginning in December 2009, Appellants ceased to make their monthly payment on the Note. As a result of Appellants' default, U.S. Bank elected to accelerate the entire debt. As of July 6, 2016, Appellants were due and owing for the December 2009 Note payment and all subsequent months, and as of July 14, 2016, Appellants owed at least $467,342.32, which consisted of unpaid principal, interest, accrued late charges, miscellaneous fees and costs, and unpaid escrow balance.

This suit is the second lawsuit challenging the right of U.S. Bank to foreclose. In the first lawsuit, Appellants filed suit in the district court of Wise County, Texas, seeking declaratory relief and alleging the failure "to provide [Appellants] with documents at closing that provided all blanks filled in as required by the Texas Constitution Section 50(a)(6)(Q)(iii)." After removal to federal court, PNC filed a motion to dismiss Appellants' claim for declaratory relief that PNC had "failed to provide [Appellants] with documents at closing that provided all blanks filled in as required by the Texas Constitution Section 50(a)(6)(Q)(iii)." The federal court granted the motion to dismiss because "[Appellants'] claim under the Texas constitution is barred by the statute of limitations." The order dismissing the claim also stated that "[t]his suit arises out of the October 23, 2006 closing of [Appellants'] home equity loan. . . . [Appellants] seek a declaration that 'Defendant failed to

provide [Appellants] with documents at closing that provided all blanks filled in as required by the Texas Constitution Section 50(a)(6)(Q)(iii).'"

This lawsuit was filed in May 2014 by U.S. Bank seeking a judicial foreclosure of the property pursuant to Texas Rule of Civil Procedure 735. *See* Tex. R. Civ. P. 735. Appellants filed an answer, which included a general denial, affirmative defenses, and counterclaims. One of the affirmative defenses alleged that U.S. Bank had "failed to provide [Appellants] with documents at closing that provided all blanks filled in as required by the Texas Constitution Section 50(a)(6)(Q)(iii) . . . mak[ing] the lien void ab initio."

Thereafter, U.S. Bank filed a traditional summary judgment motion against Appellants' counterclaims, alleging that (1) the statute of limitations does not bar U.S. Bank's right to foreclosure, (2) Appellants' counterclaims are barred by res judicata, (3) any claims premised upon the loan's compliance with the provisions in the Texas Constitution applicable to home equity loans are barred by the statute of limitations, (4) any oral statements allegedly made to Appellants instructing them to stop making their loan payments are barred by the statute of frauds, (5) Appellants' intentional misrepresentation claim fails as a matter of law, and (6) Appellants' claims under the Texas Deceptive Trade Practices Act fail as a matter of law. Appellants responded to the motion. The trial court granted U.S. Bank's motion for summary judgment on Appellants' counterclaims.

U.S. Bank then amended its petition for judicial foreclosure to add claims for equitable and contractual subrogation. Appellants filed their motion for summary judgment against the claim for judicial foreclosure, asserting that the lien "is void as the loan failed to comply with the requirements of the Texas Constitution and [U.S. Bank] failed to timely cure the defect once it was notified as required." Several months later, U.S. Bank filed a traditional motion for summary judgment asserting that it was entitled to an "equitable lien under the doctrine of equitable subrogation." The trial court granted U.S. Bank's motion for summary judgment and denied Appellants' motion for summary judgment, stating that it "is barred by res judicata."

Thereafter, U.S. Bank filed a motion for summary judgment on its claim for judicial foreclosure. The trial court granted U.S. Bank's motion for summary judgment and ordered foreclosure. This appeal followed.

## III. DISCUSSION

In their brief, Appellants raise two issues, both complaining of the trial court's denial of their motion for summary judgment against U.S. Bank's claim for judicial foreclosure. First, they state that the trial court erred by denying their motion for summary judgment "by virtue of res judicata as [Appellee] elected not to pursue judicial foreclosure in any litigation prior to the instant case and was obligated to substantiate [that] the lien being asserted was valid and capable of enforcement under Texas law." Second, they assert that the trial court erred by denying the motion for summary judgment "as the home equity lien being claimed was in violation of the

5

Texas Constitution and was not cured within the prescribed time limits." Neither of the issues complain of the trial court's granting of U.S. Bank's motions for summary judgment.

## A. Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all elements of that defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c). To accomplish this, the defendant must present summary judgment evidence that conclusively establishes each element of the affirmative defense. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008).

## B. Application of Law to Facts

In their motion for summary judgment against U.S. Bank's claim for judicial foreclosure, Appellants alleged that U.S. Bank's lien was void "as the loan failed to comply with the requirements of the Texas Constitution." Specifically, their

6

complaint is that the Deed of Trust signed by them omitted the exhibit containing the legal description and that a deed of trust "was recorded with an exhibit that described 10 acres of land owned by [Appellants] when it should have included only 1 acre." They also contend that they had notified U.S. Bank multiple times regarding the issue and had demanded that U.S. Bank cure the "defect." According to Appellants, U.S. Bank "sent an offer to cure only the defect regarding the property description being 10 acres while declining any of the other concerns of [Appellants.]" These facts, Appellants contend, violate Texas Constitution Article XVI, Section 50(a)(6)(Q)(iii),[1] which states that a lien on a homestead can attach only if it is made on the condition that "the owner of the homestead not sign any instrument in which blanks related to substantive terms of agreement are left to be filled in."

This is the same argument previously raised by Appellants in their first lawsuit and disposed of by res judicata. In both their petition in the first lawsuit and their answer in the second lawsuit, Appellants state, "A review of the closing documents revealed that [the] legal description attached to the recorded deed of trust was not

---

[1]Texas Constitution Article XVI, Section 50(a)(6)(Q)(iii) provides,

> The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for: . . . an extension of credit that: . . . is made on the condition that: . . . the owner of the homestead not sign any instrument in which blanks relating to substantive terms of agreement are left to be filled in . . . .

Tex. Const. art. XVI, § 50(a)(6)(Q)(iii).

7

included with the copies received by [Appellants] on October 23, 2006." In addition, Appellants allege in both documents that U.S. Bank had "failed to provide [Appellants] with documents at closing that provided all blanks filled in as required by the Texas Constitution Section 50(a)(6)(Q)(iii)."

Appellants contend that res judicata does not apply because U.S. Bank did not pursue judicial foreclosure in the first lawsuit. However, res judicata does not require it.

Appellants and U.S. Bank both agree that the affirmative defense of res judicata has three elements. *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). "The party relying on the affirmative defense of res judicata must prove (1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action." *Travelers Ins. Co.*, 315 S.W.3d at 862. Texas follows the "transactional" approach to claims preclusion under which "a final judgment on an action extinguishes the right to bring suit on the transaction, or a series of connected transactions, out of which the action arose." *Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Savs.*, 837 S.W.2d 627, 631 (Tex. 1992). Following this approach, Texas courts examine the factual bases, not the legal theories, presented in the cases. *Samuel v. Fed. Home Loan Mortg. Corp.*, 434 S.W.3d 230, 234 (Tex. App.—Houston [1st Dist.] 2014, no pet.). The main concern is whether the cases share the same nucleus of operative facts. *Id.* A judgment in an earlier suit "precludes a second

8

action by the parties and their privies not only on matters actually litigated[] but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit." *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 798 (Tex. 1992).

Appellants do not contest the second element (privity) of a res judicata defense. With regard to the first element (prior final determination on the merits), there is a final judgment by the U.S. District Court for the Northern District of Texas. While acknowledging that there is a judgment, Appellants complain that U.S. Bank "did not get a judgment on the merits of the constitutionality of the lien, rather it got a judgment that any claim in that regard is limitations barred, which is procedural in nature." But the fact that the first suit was resolved based on what Appellants contend was a "procedural device"—statute of limitations—has no bearing on the preclusive effect of res judicata. *See Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 90 (Tex. 2007) ("A court's dismissal of a claim because of a failure to file within the statute of limitations is accorded preclusive effect."); *Fite v. King*, 718 S.W.2d 345, 347 (Tex. App.—Dallas 1986, writ ref'd n.r.e.); *see also Besing v. Vanden Eykel*, 878 S.W.2d 182, 185 (Tex. App.—Dallas 1994, writ denied) (stating that granting summary judgment on limitations operates as res judicata to a subsequent writ between the same parties on the same cause of action). Even the federal courts have stated unequivocally that res judicata "shall be given to a judgment dismissing a cause of

9

action on limitations grounds." *See Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 870 F.2d 1044, 1046 (5th Cir. 1989).

With regard to the third element (second action based on the same claims), Appellants argue that "the issues raised in this action could not have been raised in the first action." As shown above, the same allegations were made by Appellants in the first and second suit. Each complains of the violation of Texas Constitution Article XVI, Section 50(a)(6)(Q)(iii). The scope of res judicata is not limited to matters actually litigated. *See generally Samuel*, 434 S.W.3d at 233. The doctrine of res judicata bars a second action by parties, and those in privity with them, on matters actually litigated in a previous suit, as well as claims that could have been litigated in the prior suit through the exercise of diligence. *Id.* (citing *Hallco Tex., Inc. v. McMullen Cty.*, 221 S.W.3d 50, 58 (Tex. 2007) (quoting *Getty Oil Co.*, 845 S.W.2d at 799)). Thus, res judicata bars the issues raised in Appellants' motion for summary judgment.

Even considering the merits of Appellants' defensive claim as raised in their second issue, Appellants cannot prevail. Pursuant to Texas Rule of Civil Procedure 166a(c), summary judgment is proper only if there is no genuine issue of material fact, or the uncontroverted summary judgment evidence conclusively establishes a claim. *See Chau*, 254 S.W.3d at 255; *see also Provident Life & Accident Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003).

In their motion for summary judgment, Appellants state, "[W]e have before us an instance where the [Appellants] executed a deed of trust that omitted the exhibit

that was to include the legal description." Therefore, according to Appellants, "This omission at the closing table is a violation of Section 50(a)(6)(Q)(iii)[,] which states that a lien on a homestead may only attach if it is made on the condition that: [. . .] (iii) the owner of the homestead not sign any instrument in which blanks related to substantive terms of agreement are left to be filled in." To support their argument, Appellants attached numerous documents as summary judgment evidence that had conflicting terms. The Security Instrument reflects that both Appellants signed the document under oath and directly below the following statement set out in bold: "DO NOT SIGN IF THERE ARE BLANKS LEFT TO BE COMPLETED IN THIS DOCUMENT." As additional summary judgment evidence, Appellants attached a copy of the "Texas Home Equity Affidavit and Agreement," which was also signed under oath and includes the same bold statement informing Appellants not to sign if there are blanks in the document. The document further provided, "No owner of the Property has signed an instrument in which applicable blanks were left to be filled in. There are no blanks in this Texas Home Equity Affidavit and Agreement, the Note, or the Security Instrument."

Despite these statements, Appellant Timothy Livingston signed an affidavit to support his motion for summary judgment that provides, "There were not any documents presented to me [at closing] that contained a description of the collateral." Similarly, Appellant Lori Livingston swore, "All other documents presented [at closing] that made reference to the collateral either used a postal address or made

11

reference to an exhibit containing a legal description that was not attached to the document."

A defendant who moves for summary judgment must conclusively negate a single essential element of a cause of action or conclusively establish an affirmative defense to be entitled to summary judgment. *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015). The movant has the burden of proof and all doubts are resolved in favor of the nonmovant. *Roskey v. Tex. Health Facilities Comm'n*, 639 S.W.2d 302, 303 (Tex. 1982). Appellants' summary judgment evidence alone, without considering U.S. Bank's response, fails to meet this standard due to the conflicts in the evidence. Therefore, we overrule both of Appellants' issues.

## IV. CONCLUSION

Having held that the trial court properly denied Appellants' motion for summary judgment, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Delivered: April 2, 2020

12