G.C. BUILDINGS, INC., Appellant,

v.

RGS CONTRACTORS, INC., Appellee.

No. 05–05–00158–CV.

Court of Appeals of Texas, Dallas.

Feb. 21, 2006.

Rehearing Overruled May 2, 2006.

William T. Green, III, Houston, for appellant.

Alan W. Bardell, Hayes, Magrini & Gatewood, Oklahoma City, OK, Robert M. Fitzgerald, Law Offices of Robert M. Fitzgerald, Van, for appellee.

Before Justices MORRIS, MOSELEY, and RICHTER.

## OPINION

Opinion by Justice MORRIS.

In this appeal, G.C. Buildings, Inc. challenges the trial court's adverse summary judgment on its breach of contract claim for delay damages against RGS Contractors, Inc. After examining the record in its entirety, we conclude RGS failed to establish its entitlement to summary judgment as a matter of law. We reverse the trial court's judgment and remand this matter to the trial court for further proceedings.

### I.

In December 1997, appellant, as property owner, and appellee, as builder, contracted to construct an apartment complex in Guymon, Oklahoma. The project was

financed by a building loan secured by a mortgage and insured by The United States Department of Housing and Urban Development (HUD). Before the project was completed, however, a fire destroyed it. The parties agreed to rebuild and ultimately extended the contract completion date to May 4, 2000. Only some of the buildings were completed and released for occupancy by May 4. The remaining buildings were released after that date.

In June 2000, appellant filed a lawsuit asserting various claims against appellee and the welding subcontractor that allegedly caused the fire. The pleadings included a claim against appellee for the delay in completing construction after the fire. In October 2000, appellee submitted its final payment application for the contract, along with a HUD Certification of Actual Construction Costs. Appellant, in turn, submitted to HUD a Mortgagor's Certification of Actual Costs indicating that appellee was entitled to the full contract price. Appellant's cost certification did not include a setoff for the delay in completion, although the contract authorized a reduction in the contract price for such delays. HUD reviewed and approved appellant's cost certification and issued its final endorsement on the project in March 2001.

In May 2001, the mortgage and other loan documents were assigned to HUD because appellant defaulted on the loan. HUD settled the lender's mortgage insurance claim in May 2002. In January 2002, appellant executed a settlement agreement releasing appellee from all causes of action remaining in the June 2000 lawsuit after nonsuiting the post-fire claims.

Appellant filed this lawsuit in May 2003, seeking damages for appellee's delay in completing construction and its delay in furnishing the cost certification. In response, appellee raised several affirmative defenses including laches, statute of limitations, estoppel, accord and satisfaction, waiver, and compromise and settlement. Both parties filed motions for summary judgment. In appellant's motion, it asserted appellee had no evidence to support several of its affirmative defenses. Appellant did not move for summary judgment on its two claims. Appellee, in its motion, contended appellant: (1) was estopped from recovering delay damages because it did not include a setoff for these damages in its cost certification, (2) lacked standing to bring suit after it defaulted on the underlying loan, and (3) was barred from recovering delay damages based on the settlement of the June 2000 lawsuit. Appellee also argued that, if appellant's claim for delay damages was not barred, the maximum amount it could recover under the contract was $18,571.20. The trial court denied appellant's motion for summary judgment and granted appellee a take-nothing summary judgment.[1] This appeal followed.

## II.

We review the trial court's grant of summary judgment de novo to determine whether the movant's right to prevail is established as a matter of law. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex.2004). A defendant who moves for summary judgment based on an affirmative defense must prove each essential element of that defense. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex.1996). If the defendant's motion and summary judgment evidence establish its

---

1. Appellant nonsuited its breach of contract claim based on appellee's delay in completing the cost certification, making the trial court's summary judgment a final, appealable judgment.

right to judgment as a matter of law, the burden then shifts to the party opposing the motion to raise a genuine issue of material fact or show the defendant's legal position is unsound. *St. Paul Ins. Co. v. Mefford,* 994 S.W.2d 715, 718 (Tex.App.-Dallas 1999, pet. denied) (op. on reh'g). Where, as here, the trial court does not specify the grounds upon which summary judgment was granted, the non-movant is required to show that each ground alleged in the motion was insufficient to support summary judgment. *Star–Telegram, Inc., v. Doe,* 915 S.W.2d 471, 473 (Tex.1995).

■ We first address appellant's argument that appellee is not entitled to summary judgment based on the settlement of the June 2000 lawsuit. The parties do not dispute that appellant first sought post-fire delay damages against appellee in that lawsuit. It is also undisputed, however, that appellant filed a nonsuit on its post-fire claims against appellee over one month before the settlement agreement was executed. In fact, the written settlement agreement specifically excludes appellant's post-fire claims against appellee from those claims being released.[2] Because the summary judgment evidence does not conclusively establish the post-fire delay claims were included in the settlement of the former lawsuit, appellee is not entitled to summary judgment on that basis.

■ Appellee also sought summary judgment on the ground that appellant lacked standing to bring a claim for delay damages under the contract because it defaulted on the underlying loan for the project. A plaintiff has standing when it is personally aggrieved, regardless of wheth-er it is acting with legal authority. *Nootsie, Ltd. v. Williamson County Appraisal Dist.,* 925 S.W.2d 659, 661 (Tex.1996). Appellant was undeniably a party to the contract in question and alleges it suffered damages because of appellee's delay in completing construction by the agreed date. Appellee provides no legal authority to support its position that appellant's default deprives it of standing to pursue its claim for delay damages. As factual support for its contention, appellee refers specifically to language in Exhibit "B" to the financing statement and security agreement between appellant and the original lender that listed as additional loan collateral appellant's rights in any construction contract. Appellee also relies on a paragraph in the "Regulatory Agreement for Multifamily Housing Projects" providing that in the event of appellant's default, it would assign to HUD its right to rents, profits, income, and charges received from operating the property. None of these provisions, however, indicate appellant's cause of action for delay damages under the construction contract was assigned to HUD. Because the summary judgment evidence does not conclusively establish appellant lacked standing to pursue its claim for delay damages, appellee was not entitled to summary judgment on this ground.

■ Appellant also contends its failure to include a setoff for delay damages in its cost certification does not estop it from suing appellee for delay damages. Our resolution of this issue requires us to examine Article 2C of the construction contract, which addresses the issue of delay damages.[3] Article 2C authorizes a reduc-

---

2. The settlement agreement acknowledges appellee's assertion that appellant agreed to release all claims, including the post-fire claims, and permits appellee to continue to raise this contention in all future litigation.

3. In its entirety, Article 2C provides as follows:
   If the work is not brought to final completion in accordance with the Drawings and Specifications, including any authorized

tion of $2,101.68 for each day of delay until final completion, or actual damages, whichever is less. It further provides that when appellant certifies costs to HUD, "the actual cost of interest, taxes, insurance, mortgage insurance premiums, and construction and permanent loan extension fees, as approved by the Commissioner [for the delay period] shall be determined."

Appellee argues that because appellant did not seek a reduction in the contract price pursuant to Article 2C when it certified costs to HUD, it is now estopped from recovering delay damages. As further support for its argument, appellee cites section 200.96(c) of the HUD rules and regulations. That section provides, upon the Commissioner's approval of the mortgagor's cost certification, "such certification shall be final and incontestable except for fraud or material misrepresentation on the part of the mortgagor." 24 C.F.R. § 200.96 (2002). Appellee argues that because HUD approved appellant's cost certification and did not assess any delay damages, appellant is not entitled to any such damages under the contract.

■ Estoppel by contract is a form of quasi estoppel premised on the concept that a party to a contract will not be permitted to take a position inconsistent with its provisions to the prejudice of the another. *See Johnson v. Structured Asset Services, L.L.C,* 148 S.W.3d 711, 721–722 (Tex.App.-Dallas 2004, no pet.). Although Article 2C authorizes delay damages and provides for the determination of appel-

lant's actual damages when it certifies costs to HUD, there is nothing in the contract suggesting appellant's failure to request a setoff for delay damages in its cost certification necessarily precludes a lawsuit for such damages. In fact, appellant sued appellee for these same delay damages several months before it even filed its cost certification. Notably, the affidavit of appellant's chief financial officer indicates the amount claimed as damages in this case was not properly included in the cost certification because it was not paid from the construction loan proceeds that HUD guaranteed but directly from appellant's own funds. Thus, appellant is not taking the kind of inconsistent stand that gives rise to estoppel by contract. Based on the summary judgment record before us, appellee did not conclusively establish that appellant's failure to include a setoff for delay damages in its cost certification estopped it from pursuing this lawsuit. Accordingly, summary judgment based on estoppel by contract was not proper.

In its remaining ground for summary judgment, appellee contends that if appellant's claim is not barred, the maximum amount of damages to which appellant is entitled under the contract is $18,571.20. This summary judgment ground assumes appellant is not precluded from asserting its delay damage claim. As such, it cannot support the trial court's take-nothing judgment in appellee's favor.

changes, by the date specified above, or by such date to which the contract time may be extended, the maximum [contract price] stated in Article 3A(1) below shall be reduced by $2,101.68, as liquidated damages, for each day of delay until the date of final completion. When the Owner cost certifies to HUD, the actual cost of interest, taxes, insurance, mortgage insurance premiums, and construction and permanent loan ex-

tension fees, as approved by the Commissioner, for the period from the scheduled date of completion through the date construction was actually completed, shall be determined. The lesser of the liquidated or actual damages shall be applied. The applicable amount shall be reduced by the project's net operating income (as determined by the Commissioner) for the damage period.

Because none of the grounds advanced in appellee's summary judgment motion support the trial court's summary judgment, we reverse the trial court's judgment and remand this matter to the trial court for further proceedings.