COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| SI KYU KIM AND SARAH KYUNG AL-KIM, INDIVIDUALLY, | § | |
| | § | No. 08-07-00144-CV |
| Appellants, | | |
| | § | Appeal from the |
| v. | | |
| | § | County Court at Law No. Three |
| HARSTAN, LTD., A TEXAS LIMITED PARTNERSHIP, TBI, INC., GENERAL | § | of El Paso County, Texas |
| PARTNER OF HARSTAN, LTD., | § | (TC#2007-3618) |
| SUNNY PARK, INDIVIDUALLY, | | |
| KENNY GROSS, INDIVIDUALLY AND | § | |
| D/B/A PRIORITY ONE REAL ESTATE | | |
| SERVICES CO., A TEXAS | § | |
| CORPORATION, | | |
| | § | |
| Appellees. | | |

**O P I N I O N**

Si Kyu Kim and Sarah Kyung Al-Kim, collectively referred to as Appellants, appeal from

traditional and no-evidence summary judgments granted in favor of Sunny Park, individually, Kenny

Gross, individually and d/b/a Priority One Real Estate Services Co., collectively referred to as

Appellees. For the reasons that follow, we affirm the judgment of the trial court.

**I. BACKGROUND**

The property that is the subject of this dispute is located at 4510 Arlen Ave. in El Paso

County, Texas. Si Kyu Kim bought the property subject to an "As Is" provision in the contract for

sale. Appellants sued the sellers, Harstan, Ltd. and TBI, Inc. for fraud, statutory fraud, negligent

misrepresentation, and rescission. They also sued the Appellee Realtors for fraud, statutory fraud,

negligent misrepresentation, and breach of fiduciary duty. They sought actual and exemplary

damages. While the trial court denied the sellers' Motions for Summary Judgment, it granted the Appellee Realtors' summary judgment based on their traditional and no-evidence motions, without stating the basis. The trial court granted the motion to sever the Appellees, making the summary judgment final, and this appeal ensued.

On November 17, 2001, Harstan, Ltd., and Si Kyu Kim entered into a contract for the sale and purchase of an apartment complex with multiple buildings for the sum of $515,000. The contract contained an "As Is" provision. The sale of the property closed on November 23, 2001–six days after the execution of the contract. Appellees were the real estate agents that represented Appellants in the purchase of the property.

Prior to Si Kyu Kim's purchase another contract for the purchase of the property was executed by an individual named Cuartas, who at the time was also a real estate agent for Appellee Priority One Real Estate Services Co. Cuartas acted on his own behalf in that contract. The summary judgment evidence established that Appellee Kenny Gross had seen the Cuartas contract; although, perhaps only briefly. This contract contained handwritten references to the property's condition, prior code violations, the City's abandoned condemnation proceedings and insurance claims under the Special Provisions section of the contract. Appellant Si Kyu Kim stated in his affidavit that he would not have purchased the property under an "As Is" contract if he had known about the prior condemnation proceedings and the code violations.

Appellees' summary judgment evidence establishes the property's condition as poor when Si Kyu Kim purchased it. While some buildings were in relatively good condition, other buildings were in a state of disrepair and Building B of the complex was due for a complete renovation and was not habitable. There was evidence that prior to closing of the transaction Appellants were aware

2

of the property's condition and that they knew large sums of money and effort were required to address the apartment complex's substandard condition.

Appellees' evidence indicated that as part of the negotiations, a representative of Harstan, Ltd. met with Appellants to review the rundown condition of the property, and he received confirmation from Si Kyu Kim that he had inspected the property and was aware of its condition. There was a discussion concerning wind damage to Building B and the fact that the damage would be repaired by the sellers. Si Kyu Kim assured the Harstan representative that he had the resources and ability to improve the property and make it profitable. Si Kyu Kim related that he recalled attending the meeting, but he could not remember the details.

The deposition of a city building inspector indicated that the seller had completed the repairs needed to bring Building B into compliance and the City had ceased any effort at condemnation.

The written Contract for Sale did not reference the abandoned condemnation proceedings, but contained the following provision:

> (1) Buyer has had full opportunity to inspect the condition of the units, knows the apartment complex is in need of repair and upgrade to meet City building code requirements and accepts the property "AS IS–WHERE IS", without representation of condition or occupancy.

> (2) Buyer has been given information showing occupancy rates. Seller and Buyer recognize the need to "make ready" apartments for rental and the need to market the apartments to increase occupancy and net cash flows from the rentals.

Additionally, the initial contract contained the following: "Seller has limited information due to ownership circumstances, but will provide all available information as requested."

The "Deed of Trust and Assignment of Rents" contained Special Provisions that restated the "AS IS" provision, and that Appellants had been able to inspect the property, and that they were

3

aware of the needed repairs. It also indicated that Appellants were aware of the prior condemnation proceeding and the resolution of that matter by the seller to the satisfaction of the City and that the condemnation proceedings had been abandoned. This document was initialed and signed by both of the Kims.

The affidavit of Si Kyu Kim attached to Appellants' summary judgment response alleges numerous instances where Sunny Park, Kenny Gross and Priority One Real Estate Services Co. misrepresented and concealed material facts during the course of the negotiations for the sale of the property.

## II. DISCUSSION

In Appellants' sole issue on appeal, they maintain that the court erred in granting summary judgment because there are genuine issues of material, disputed facts regarding whether the real estate agents made misrepresentations or concealed material information concerning the property's condition, code violations or prior condemnation proceedings, and as to what the Appellees knew or were aware of. Specifically, Appellants argue that the provisions in the Cuartas contract concerning the code violations, prior condemnation proceedings, and condition of the property along with the discussions between Sunny Park and seller regarding wind damage, insurance claims, and City Code requirements all indicated that Appellees were aware of such matters and failed to disclose them thus creating a genuine issue of disputed fact.

The standards of review for traditional and no-evidence summary judgment rulings are well established. *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548-49 (Tex.1985). The moving party in a traditional summary judgment carries the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Browning v. Prostok*,

4

165 S.W.3d 336, 344 (Tex. 2005). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed issue of material fact. *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004). All reasonable inferences, including any doubts, must be resolved in favor of the non-movant. *Id.* The question on appeal is not whether the summary judgment proof raises fact issues as to required elements of the movant's claim, but whether the summary judgment proof establishes there is no genuine issue of material fact as a matter of law as to one or more elements of the movant's claim. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970).

When the movant is the defendant and provides summary judgment evidence disproving at least one essential element of the plaintiff's cause of action, summary judgment should be granted. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Once the defendant establishes his right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). Likewise, a defendant who conclusively establishes each element of an affirmative defense is entitled to summary judgment. *Id.* If this burden is met by the defendant, then the plaintiff must raise a genuine issue of material fact in avoidance of the affirmative defense. *Provencio v. Paradigm Media, Inc.*, 44 S.W.3d 677, 680 (Tex.App.–El Paso 2001, no pet.).

A no-evidence summary judgment under Rule 166a(i) under the Texas Rules of Civil Procedure is essentially a pretrial directed verdict, and we therefore apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Martinez v. Leeds*, 218 S.W.3d 845, 848 (Tex.App.–El Paso 2007, no pet.); *Wyatt v. Longoria*, 33

5

S.W.3d 26, 31 (Tex.App.–El Paso 2000, no pet.). The party moving for no-evidence summary judgment must assert that there is no evidence of one or more essential elements of a claim or defense on which the non-movant would have the burden of proof at trial. *Martinez,* 218 S.W.3d at 848; *see* TEX.R.CIV.P. 166a(i). The burden then shifts to the non-movant to produce evidence raising a fact issue on the challenged elements. *Martinez*, 218 S.W.3d at 848. To raise a genuine issue of material fact, the non-movant must set forth more than a scintilla of probative evidence as to an essential element of his claim or defense. *Id.* When the motion for summary judgment presents both no-evidence and traditional grounds, we first review the propriety of the summary judgment under the no-evidence standards of Rule 166a(i); *Martinez*, 218 S.W.3d at 849.

We apply a *de novo* standard of review to summary judgments. *Casillas v. State Office of Risk Mgmt.*, 146 S.W.3d 735, 739 (Tex.App.–El Paso 2004, no pet.).

In general, a valid "as is" agreement negates the element of causation necessary to recover on claims regarding the physical condition of the property. *See Prudential Ins. Co. of Amer. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 161 (Tex. 1995); *Gym-N-I Playgrounds, Inc. v. Snider*, 158 S.W.3d 78, 85 (Tex.App.–Austin 2005, pet. granted) (applying "as is" clause in commercial lease to bar claims for failure to install fire sprinkler system); *Bynum v. Prudential Residential Servs., Ltd. P'ship,* 129 S.W.3d 781, 788 (Tex.App.–Houston [1st Dist.] 2004, pet. denied) (applying "as is" clause in sale agreement for remodeled home to bar claims relating to remodeling work). The terms of a typical "as is" clause also disclaim the existence of any express or implied warranties. *See Prudential*, 896 S.W.2d at 161 (citing TEX.BUS.& COM.CODE ANN. § 2.316(c)(1)). By agreeing to purchase the property "as is," the buyer agrees to make his own assessment of the bargain and to accept the risk that he may be wrong. *Id.* The seller gives no assurances, express or implied,

6

concerning the value or condition of the thing sold, and the buyer chooses to rely on his own determination of the value and condition of the purchase, thus eliminating the possibility that the seller's conduct will cause him damage. *Id.*

However, an "as is" agreement is not determinative in every circumstance. For example, if the "as is" agreement is fraudulently induced by misrepresentation or concealment, it will not be binding. *Id.* at 162. A seller may not obstruct the buyer's right of inspection and still rely on an "as is" provision. *Id.* The nature of the transaction and the totality of the circumstances surrounding the agreement must be considered. *Id.* Whether the "as is" clause is an important part of the basis of the bargain or an incidental or "boilerplate" provision and whether the parties have relatively equal bargaining positions are factors to consider. *Id.*

Real estate brokers are fiduciaries and are required to exercise fidelity and good faith toward their principal. *First City Mortgage Co. v. Gillis*, 694 S.W.2d 144, 146 (Tex.App.–Houston [14th Dist.] 1985, writ ref'd n.r.e.). However, a broker does not have a duty to disclose the contents of a written agreement that the principal is obligated to read before he or she signs it. *Id.* Contracting parties have an obligation to read what they sign. *Cendant Mobility Svcs Corp. v. Falconer,* 135 S.W.3d 349, 354 (Tex.App.–Texarkana 2004, no pet.). An exception is applicable where false representations induce a party to contract. *In re Border Steel, Inc.,* 229 S.W.3d 825, 832-33 (Tex.App.–El Paso 2007, orig. proceeding). For this exception to apply, it must be shown that: (1) a material misrepresentation was made; and (2) the misrepresentation was relied on by the complaining party in entering the contract. *Id.*

However, notwithstanding the merits of the parties claims, initially, we must address Appellees' assertion that Appellants have waived the issue of causation of damages. Causation is

7

an element of each of Appellants' causes of action. Fraud and fraudulent inducement include elements of reliance and causation. *Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281, 282 (Tex. 1994). Statutory fraud requires showing of reliance and causation. *Larsen v. Carlene Langford & Assocs., Inc.*, 41 S.W.3d 245, 249 (Tex.App.–Waco 2001, pet. denied). Negligent misrepresentation requires a showing that damages were proximately caused by the reliance. *Id.* at 249-50. Breach of fiduciary duty requires a showing that the breach caused damages. *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex.App.–Dallas 2006, pet. denied); *Punts v. Wilson,* 137 S.W.3d 889, 891 (Tex.App.–Texarkana 2004, no pet.).[1] Appellees challenged the causation element of each of Appellants' causes of action in their no-evidence motion for summary judgment as well as in their alternative traditional motion for summary judgment. Appellants did not raise an issue on appeal addressing the causation or damages elements of each of their causes of action or of the exemplary damages. Further, they did not address the damages element on appeal until they filed their reply brief. The Rules of Appellate Procedure do not allow an appellant to raise an issue in a reply brief which was not included in his original brief. TEX.R.APP.P. 38.3. Consequently, Appellants have failed to preserve their argument about the damages element of their causes of action for appellate review. *See Few v. Few*, 271 S.W.3d 341, 347 (Tex.App.–El Paso 2008, pet. stricken); *Gray v. Woodville Health Care Center*, 225 S.W.3d 613, 620 (Tex.App.–El Paso 2006, pet. denied). When there are multiple grounds for summary judgment and the order does not specify the ground on

---

[1] In their reply brief Appellants argue that the Texas Supreme Court has dispensed with the need to prove an actual injury and causation in a breach of fiduciary duty case. *See Burrow v. Arce*, 997 S.W.2d 229, 240 (Tex. 1999). However, this is only so when a plaintiff seeks to forfeit some portion of an attorney's fees in connection with a breach of fiduciary duty; injury and causation are still required when a plaintiff seeks to recover damages for a breach of fiduciary duty. *Longaker v. Evans*, 32 S.W.3d 725, 733 n.2 (Tex.App.–San Antonio 2000, review withdrawn pursuant to settlement).

which the summary judgment was rendered, the appealing party must negate all grounds on appeal. *State Farm Fire & Casualty Company v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993); *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex.App.–Houston [1st Dist.] 2002, no pet.). If summary judgment could have been rendered, properly or improperly, on a ground not challenged, the judgment must be affirmed. *Ellis*, 68 S.W.3d at 898; *Holloway v. Starnes*, 840 S.W.2d 14, 23 (Tex.App.–Dallas 1992, writ denied). Thus, the summary judgment could have been granted on the elements of causation or damages. Because Appellants have not properly challenged this ground on appeal, the summary judgment must be affirmed. Appellants' sole issue on appeal is overruled.

### III. CONCLUSION

We affirm the judgment of the trial court.


GUADALUPE RIVERA, Justice

May 29, 2009

Before Chew, C.J., McClure, and Rivera, JJ.