

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| VALLEY FORGE MOTOR COMPANY, C/O PRESIDENT LEE URIAS, | § | No. 08-17-00257-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | 41st District Court |
| | § | |
| RUBEN SIFUENTES D/B/A LEO'S AUTO COLLISION, INC., | § | of El Paso County, Texas |
| | § | (TC# 2015DCV3639) |
| Appellee. | § | |

## O P I N I O N

Valley Forge Motor Company, c/o President Lee Urias (Valley Forge), appeals the trial court's take nothing summary judgment on its cause of action for conversion against Ruben Sifuentes, d/b/a Leo's Auto Collision, Inc. (Sifuentes). Valley Forge challenges the trial court's finding that Sifuentes conclusively established an affirmative defense of no individual liability pursuant to section 21.223 of the Texas Business Organizations Code. We affirm.

## BACKGROUND

### *Factual History*

On February 10, 2014, Valley Forge leased a 2005 Ford Mustang to Marcus Hill. After a collision, Hill authorized Desert View Towing to tow the Mustang to Leo's Auto Collision for repairs the vehicle sustained on April 28, 2014. Valley Forge alleged it was not aware that Hill

had authorized repairs of the vehicle. On May 8, 2014, Valley Forge filed a stolen vehicle report with police after Hill failed to return the vehicle and failed to respond to their efforts to communicate with him.

On July 8, 2015, Leo's Auto Collision sent a letter to Hill—which Sifuentes signed on behalf of Leo's—informing him that repairs made to his Mustang had been completed. The letter further informed Hill that he owed $3,800 for repairs performed on the vehicle. If not paid immediately, Leo's warned Hill that a mechanic's lien would be filed to secure payment. Sifuentes included a copy of a signed repair estimate dated April 28, 2014 which authorized repairs totaling $3,800. The next day, July 9, 2015, Lee Urias, as president of Valley Forge Motor Company, responded by letter to Leo's demand for payment. Urias asserted it held legal title to the Mustang and advised Valley Forge that it had not authorized any repairs by Leo's. Urias demanded release of the vehicle within seven days; or, he advised that further legal action would be taken.

On July 17, 2015, the office of Ruben P. Gonzalez, Tax Assessor Collector of El Paso County, sent notice to Valley Forge informing it that Leo's Auto Collision, Inc., gave notice to the assessor's office that it intended to file a mechanic's lien for the total cost of repairs performed on the Mustang in accordance with the work order dated April 28, 2014. The assessor's letter also gave notice that the vehicle would be subject to being sold by public auction if repairs were not paid, or a lawsuit challenging such charges was not filed, within thirty-one days after the date that Valley Forge first received notice of the unpaid charges. The letter further advised that proceeds from the sale of the vehicle by public auction would be applied to the unpaid charges. On August 7, 2015, an additional filing of the assessor's office indicated that Leo's Auto Collision allegedly foreclosed on the lien after holding a public sale at its location. The notice showed that Ruben

2

Sifuentes appeared at the sale as the authorized agent of Leo's Auto Collision and authorized a sale of the vehicle to himself as the highest bidder for the sum of $800.

*Procedural History*

On October 28, 2015, Valley Forge Motor Company, c/o President Lee Urias (Valley Forge), filed an original petition *pro se*, which was later amended, in which it named Ruben Sifuentes as the sole defendant. The petition described the defendant as "Ruben Sifuentes d/b/a Leo's Auto Collision Inc." The pleading further asserted that defendant "may be served with process by serving its registered agent Ruben Sifuentes[.]"

By its suit, Valley Forge claimed it owned a 2005 Ford Mustang which was taken to Leo's Auto Collision for repairs by an unauthorized third party and without its permission. The suit alleged that "Defendant LEO'S AUTO COLLISION INC. unlawfully and without authority assumed dominion and control over Plaintiff's vehicle" and that, after demanding return of the vehicle, "[t]he Defendant has refused to return said vehicle to Plaintiff." Valley Forge asserted causes of action for loss of use of vehicle, conversion, and fraud. When later amended, Valley Forge's petition made no substantive changes to parties or claims but was signed by counsel.

On January 27, 2016, the District Clerk accepted and filed an unsigned document—which was indexed as an Original Answer of Ruben Sifuentes—which narrated the circumstances of Leo's Auto Collision having performed repairs on a 2005 Ford Mustang as authorized by Marcus Hill. The document described attempts by Leo's Auto Collision to obtain payment for repairs it performed and actions it took to foreclose on a mechanic's lien. The answer asserted that even though the County Tax Assessor had eventually issued a new title for the repaired vehicle, Leo's had nonetheless been informed by police that the vehicle had been reported as stolen.

3

On August 29, 2017, Ruben Sifuentes filed a first amended answer which he signed individually, but his pleading also included the signature of counsel, as "Attorney for Defendant, Ruben Sifuentes d/b/a Leo's Auto Collision, Inc." Along with a general denial, the amended answer asserted an affirmative defense that Sifuentes could not be sued in an individual capacity because he was a shareholder, director, or officer of the corporate entity known as "Sifu Enterprises, Inc. d/b/a Leo's Auto Collision." The amended answer also sought recovery of attorney's fees.

Sifuentes later filed a combined no-evidence and traditional motion for summary judgment. Sifuentes contended there was no evidence to raise a genuine issue of material fact as to one or more of the essential elements of Valley Forge's cause of action for conversion. Sifuentes also contended he had conclusively established by summary judgment evidence his affirmative defense that there was a defect in parties such that he should not have been sued in his individual capacity. Sifuentes cited to section 21.223 of the Texas Business Organizations Code to support his statutory claim of no individual liability.

As evidence, Sifuentes attached several documents to his motion to include his own affidavit and certain business records. Sifuentes attested that he was employed by Sifu Enterprises, Inc., d/b/a Leo's Auto Collision, in the capacity of president. He further attested that Leo's Auto Collision performed repairs on the 2005 Ford Mustang, and even though a representative from Valley Forge knew that the vehicle had been towed to Leo's following a collision, neither Hill nor Valley Forge had paid for the repairs of the vehicle. Sifuentes further asserted that, at all times concerned, he was a shareholder, director, or officer of the corporate entity known as "Sifu Enterprises, Inc. d/b/a Leo's Auto Collision." Business records included with Sifuentes' affidavit

4

included the articles of incorporation and an assumed name certification associated with Sifu Enterprises. The Articles of Incorporation filed with the Corporations Section of the Office of the Secretary of the State of Texas showed that Sifu Enterprises, Inc., was incorporated as of April 23, 2014. Sifu Enterprises was established to transact any or all lawful business for which corporations may be incorporated under the Texas Business Corporations Act. The articles named Sifuentes as an initial registered agent and director of Sifu Enterprises. The assumed name certificate, which was filed with the Office of the Secretary of State on October 8, 2014, indicated that Sifu Enterprises intended to conduct business in all Texas counties as "Leo's Auto Collision."

Responding to Sifuentes' motion for summary judgment, Valley Forge contended that "Defendant's claim of a defect in parties is misplaced" because, exactly as expressed in his affidavit, "Defendant used the names as [sic] RUBEN SIFUENTES and/or LEO'S AUTO COLLISION INC. to conduct business regarding the vehicle the basis of this suit and most importantly to place a mechanics [sic] lien on the vehicle using the name 'LEO'S AUTO COLLOSION [sic] INC.'" Valley Forge attached several documents to include an affidavit from Urias, correspondence from Sifuentes and the Tax Assessor Collector, and title documents.

On November 14, 2017, the trial court entered an order granting Sifuentes' motion for summary judgment on the basis that there was no genuine issue of material fact on the affirmative defense asserted. Valley Forge timely appealed.

## DISCUSSION

On appeal, Valley Forge contends in a single issue that the trial court erred in granting summary judgment in favor of Sifuentes based on his affirmative defense of no individual liability. Despite Valley Forge's framing of its sole issue, however, in its briefing it argues differently.

5

Focusing not on Sifuentes' affirmative defense, Valley Forge argues instead that "the trial Court granted Defendant's Ruben Sifuentes' motion for summary judgment based on the *Hilland Rule* of misidentification of the proper defendant[.]"[1]

As a preliminary matter, we first consider which argument, if any, was properly preserved for our review. Rule 166a(c) of the Texas Rules of Civil Procedure provides that "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX. R. CIV. P. 166a(c). On review of the record, we note that Valley Forge failed to raise the *Hilland Rule* as an argument before the trial court in its response to Sifuentes' motion for summary judgment. Accordingly, we conclude that Valley Forge waived any form of a *Hilland* argument by failing to raise it with the trial court. *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 224-25 (Tex. 2017) (agreeing that the plaintiff did not preserve their claim for appellate review where the plaintiff did not raise the legal theory it asserted on appeal in its petition or response to the defendant's motion for summary judgment).

Nonetheless, being mindful of our duty to construe appellate briefs liberally, yet reasonably, so that the right to review is not lost by waiver, we further note, however, that Valley Forge articulated a subsidiary argument in the court below and in its briefing with this Court. *See* TEX. R. APP. P. 38.1(f); *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008). Specifically, Valley Forge's response to Sifuentes' motion for summary judgment asserted that Sifuentes had acted

---

[1] The *Hilland* rule provides, that when the proper defendant is not named until after the statute has run, limitations will not bar the suit against the proper defendant, so long as the latter is cognizant of the facts, is not misled, and is not placed at a disadvantage in obtaining the relevant evidence necessary for its defense. *Cummings v. HCA Health Services of Texas, Inc.*, 799 S.W.2d 403, 405 (Tex. App.—Houston [14th Dist.] 1990, no writ). Since the original holding in *Hilland,* the Court has implied an additional requirement that a business relationship must exist between the erroneously named defendant and the correct defendant. *Id*. at 406.

6

personally or as Leo's Auto Collision, Inc., when conducting business relevant to the disputed claim. Then, in briefing on appeal, Valley Forge carried forward this secondary argument by asserting that the trial court erred in granting summary judgment in favor of Sifuentes for the following reasons:

> His amended answer however is void any [sic] evidence that his [Ruben Sifuentes] actions or omissions in the present lawsuit were in his course in [sic] scope of employment with Sifu Enterprises, Inc. or as an agent for Sifu Enterprises, Inc. Furthermore, [sic] in his motion for summary judgment Ruben Sifuentes alleges that he should not have been sue [sic] in his individual capacity because he is a shareholder of Sifu Enterprises, Inc. Again, Ruben Sifuentes fails to allege any evidentiary facts that would show he was acting either as shareholder, director or officer of the corporate entity known as "Sifu Enterprises, Inc." regarding the basis of the present lawsuit.

> [Internal brackets in original]; [internal citations to record omitted].

Construing this portion of the briefing as an additional argument, and having confirmed that it was also raised in the court below, we proceed to address Valley Forge's contention on appeal as one challenging whether Sifuentes met his evidentiary burden to conclusively establish his affirmative defense such that he was shielded from individual liability as a matter of law.

*Standard of Review*

A trial court's summary judgment is reviewed de novo. *Parker*, 514 S.W.3d at 219. Under the traditional standard for summary judgment, the movant has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Parker*, 514 S.W.3d at 220. A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). As we earlier stated, the motion must state the specific ground

7

relied upon for which a summary judgment is sought. TEX. R. CIV. P. 166a(c). When reviewing a trial court's ruling on a summary judgment motion, we must: (1) take as true all evidence favorable to the non-movant; and (2) indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Parker*, 514 S.W.3d at 219.

A defendant urging summary judgment on an affirmative defense is in the same position as a plaintiff urging summary judgment on a claim. *Nowak v. DAS Inv. Corp.*, 110 S.W.3d 677, 680 (Tex. App.—Houston [14th Dist.] 2003, no pet.). "An affirmative defense does not seek to defend by merely denying the plaintiff's claims, but rather seeks to establish an independent reason why the plaintiff should not recover." *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 212 (Tex. 1996). If a defendant moving for summary judgment establishes all the elements of an affirmative defense as a matter of law, the burden of production then shifts to the non-movant to raise a genuine issue of material fact or show the defendant's legal position is unsound. *See G.C. Bldgs., Inc. v. RGS Contractors, Inc.*, 188 S.W.3d 739, 741-42 (Tex. App.—Dallas 2006, no pet.); *EPGT Tex. Pipeline, L.P. v. Harris Cty. Flood Control Dist.*, 176 S.W.3d 330, 335 (Tex. App.—Houston [1st Dist.] 2004, pet. dism'd). The non-movant's response will defeat a facially valid affirmative defense if it raises a fact issue on an element of the affirmative defense. *See Si Kyu Kim v. Harstan, Ltd.*, 286 S.W.3d 629, 633 (Tex. App.—El Paso 2009, pet. denied); *G.C. Bldgs.*, 188 S.W.3d at 741-42. If the non-movant fails to do so, the defendant will have conclusively established its affirmative defense and its right to summary judgment. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008).

*Section 21.223 of the Texas Business Organizations Code*

A corporation is recognized as a separate legal entity from its shareholders, officers, and

directors. *TransPecos Banks v. Strobach*, 487 S.W.3d 722, 728 (Tex. App.—El Paso 2016, no pet.). A bedrock principle of corporate law recognizes that an individual can incorporate a business and thereafter be shielded from personal liability for contractual obligations of the corporate entity. *Willis v. Donnelly*, 199 S.W.3d 262, 271 (Tex. 2006). Avoidance of personal liability is not only sanctioned by the law; it is an essential reason that entrepreneurs choose to incorporate their businesses. *Id.* Given this recognized principle, the Legislature has narrowly prescribed the circumstances under which a shareholder can be held liable for corporate debts. *Id.* at 272.

Section 21.223 of the Texas Business Organizations Code provides that a shareholder or owner "may not be held liable to the corporation or its obligees with respect to … any contractual obligation of the corporation or any matter relating to or arising from the obligation on the basis that the holder … is or was the alter ego of the corporation or on the basis of actual or constructive fraud, a sham to perpetrate a fraud, or other similar theory[.]" *Id.* § 21.223(a)(2). The protection from liability for a contractual debt of the corporation is "exclusive and preempts any other liability imposed for that obligation under common law or otherwise." *Id.* § 21.224.

By its unambiguous terms, section 21.223(a) provides statutory protection to a holder of shares, an owner of any beneficial interest in shares, or a subscriber for shares whose subscription has been accepted, or any affiliate of such a holder, owner, or subscriber of the corporation, if the following are shown:

1. [T]he entity with which the individual defendant has a relationship is a corporation;

2. [T]he defendant's relationship with the corporation is that of a "holder of shares, an owner of any beneficial interest in shares, or a subscriber of shares whose subscription has been accepted, or any affiliate of such a holder, owner, or subscriber or of the corporation";

9

3.  [T]he liability at issue arises from "any contractual obligation of the corporation or any matter relating to or arising from the obligation";

4.  [T]he plaintiff is the corporation or the corporation's obligees; and

5.  [T]he basis for the individual defendant's liability is that the defendant "is or was the alter ego of the corporation or on the basis of actual or constructive fraud, a sham to perpetuate a fraud, or other similar theory."

*Hong v. Havey*, 551 S.W.3d 875, 889 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (citing TEX. BUS. ORGS. CODE ANN. § 21.223(a)(2)).  As an express exception of the statutory protection, however, subsection (a) of section 21.223 does not apply, "if [an] obligee demonstrates that the holder, beneficial owner, subscriber, or affiliate caused the corporation to be used for the purpose of perpetrating and did perpetrate an actual fraud on the obligee primarily for the direct personal benefit of the holder, beneficial owner, subscriber, or affiliate."  TEX. BUS. ORGS. CODE ANN. § 21.223(b).

*Application*

Here, the summary judgment evidence conclusively established that Sifuentes had not conducted business individually but instead acted on behalf of Leo's Auto Collision—an assumed name of Sifu Enterprises, Inc.  First, the articles of incorporation filed with the Secretary of State showed that Ruben Sifuentes incorporated the corporate entity in April 2014.  Second, the assumed name certificate, which was also filed with the Secretary of State, showed that Sifu Enterprises, Inc., operated under the assumed name of "Leo's Auto Collision."  Third, both the affidavit from Sifuentes and the articles of incorporation showed that Sifuentes was a shareholder, director, and registered agent of Sifu Enterprises, Inc.  Fourth, undisputed records show that Leo's Auto Collision performed work on the 2005 Ford Mustang only after the vehicle was towed to the business after it sustained damage in a collision.  Fifth, Valley Forge, as title owner of the Mustang,

10

failed to challenge the fact that said repairs were performed after it was notified of Leo's intention to file a mechanic's lien. Sixth, Valley Forge admitted in its response to Sifuentes' motion for summary judgment that Sifuentes had used the name "Leo's Auto Collision, Inc.," when placing a mechanics lien on the vehicle.

In sum, given Sifuentes' proof of transacting all business on behalf of the corporate entity, he met his evidentiary burden on summary judgment to establish his affirmative defense of no individual liability as a matter of law. *See* TEX. BUS. ORGS. CODE ANN. § 21.223(a)(2); *Hong*, 551 S.W.3d at 889. Having done so, Sifuentes shifted the burden to Valley Forge to raise a fact issue on Sifuentes' affirmative defense. *See Si Kyu Kim*, 286 S.W.3d at 633; *G.C. Bldgs.*, 188 S.W.3d at 741-42. Valley Forge first argued a theory that is precluded by statute as it merely asserts that Sifuentes "is or was the alter ego of the corporation[.]" *See* TEX. BUS. ORGS. CODE ANN. § 21.223(a)(2) (precluding claims and theories asserting "that the holder, beneficial owner, subscriber, or affiliate is or was the alter ego of the corporation or on the basis of actual or constructive fraud, a sham to perpetrate a fraud, or other similar theory"). Second, Valley Forge argued that Sifuentes generally used his individual name and/or the informal business name of Leo's Auto Collision to conduct business. On this point, Valley Forge further argues that it had *not* given permission for Hill to authorize a towing of the Mustang to Leo's and it had been unaware that Hill had done so.

We conclude from this record that Valley Forge's evidence, at most, could arguably be relevant to the third element required by section 21.223(a) which addresses whether the liability at issue arises from "any contractual obligation of the corporation or any matter relating to or arising from the obligation[.]" *See* TEX. BUS. ORGS. CODE ANN. § 21.223(a)(2). But even if we

11

assume that Hill lacked authority from Valley Forge to seek repairs from Leo's, nonetheless, such absence of authority would not negate the fact that Valley Forge failed to contest the fact that Leo's Auto Collision had performed repairs in the ordinary course of its business. And, importantly, Sifuentes' actions in including his individual name on documents of Leo's Auto Collision does nothing to negate the ultimate fact that Leo's was registered as the assumed name under which the corporate entity operated. Thus, in total, the evidence put forth by Valley Forge fails to raise a fact issue on whether Sifuentes could properly rely on the statutory protection afforded by section 21.223 of the Business Organizations Code. None of the evidence presented by Valley Forge was relevant to defeating any of the elements addressing whether Sifu Enterprises, Inc. was a corporation, whether Sifuentes was properly affiliated with the corporation, whether Valley Forge was an obligee of the corporation, or whether Sifuentes was an alter ego of the corporation. *See id*.

We conclude that, on the record presented in this instance, Valley Forge failed to meet its burden of raising a fact issue on any of the elements of Sifuentes' affirmative defense. And because Sifuentes thereby conclusively established his affirmative defense of no individual liability, he was entitled to summary judgment in his favor. *See Chau*, 254 S.W.3d at 455. Accordingly, the trial court's order granting Sifuentes' motion for summary judgment on his affirmative defense was not error, and we overrule Valley Forge's sole issue in this appeal.

## CONCLUSION

The trial court's judgment is affirmed.

January 28, 2020                          GINA M. PALAFOX, Justice

Before Alley, C.J., Rodriguez, and Palafox, JJ.