

# NUMBER 13-24-00041-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JAIME LOPEZ AND SILVIA
RODRIGUEZ LOPEZ,                                                    **Appellants,**

**v.**

STATE NATIONAL INSURANCE
COMPANY AND WELLINGTON
RISK INSURANCE AGENCY, INC.,                                       **Appellees.**

## ON APPEAL FROM THE 398TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion by Chief Justice Tijerina**

By four issues, appellants and cross-appellees Jaime Lopez and Silvia Rodriguez

Lopez argue that the trial court erred by: (1) granting the traditional motion for summary

judgment filed by appellees and cross-appellants State National Insurance Company

(SNIC) and Wellington Risk Insurance Agency, Inc. (WRI); (2) overruling appellants' objections to appellees' summary judgment evidence; (3) granting appellees' objections to appellants' summary judgment evidence; and (4) awarding appellees appellate attorney's fees. By a single issue on cross-appeal, appellees argue that the trial court erred in not awarding them trial court attorney's fees. We affirm as modified.

## I.   BACKGROUND

Appellants purchased a home insurance policy on July 15, 2018, issued by SNIC and managed by WRI, which covered damages due to a "sudden and unexpected discharge of water." In September, appellants "noticed sudden and unexpected water leaks and mold" in their home. They claimed water was leaking from the ceiling in their bedroom, living room, kitchen, and foyer, which "caused damage to the [h]ome's sheetrock or drywall, fixtures, studs, ceiling, and flooring." They alleged the damage also led to health problems, necessitating "medical care and surgical intervention."

On September 7, 2021, appellants submitted a claim for water damage under the policy. On September 10, 2021, WRI informed appellants that an inspection of their property may be requested and that appellants needed to submit a sworn proof of loss "before their claim can be accepted." WRI inspected the property and determined that the water damage was caused by repeated leakage around the bathtub; no leaks were found from the pressurized water line. On September 24, 2018, SNIC denied appellants' claim, stating that the damage did not result from a "sudden and unexpected discharge of water."

Appellants subsequently spent $23,715 to make repairs to the home. Appellants' policy with SNIC expired, and on June 7, 2019, WRI mailed appellants notice that SNIC would not be renewing their policy. Appellants did not request to renew their policy, and

2

they did not submit a policy premium payment.

On February 3, 2021, appellants submitted a sworn proof of loss regarding their claim and filed suit, against appellees, alleging breach of contract and fraud. On February 5, WRI informed appellants that their claim was permanently closed as the statute of limitations had run.

On November 22, 2021, appellees filed a traditional motion for summary judgment asserting appellants' claim was barred by the statute of limitations and attached evidence including the policy, which contains the following provision under "claim and suit limitation endorsement":

> No suit or action can be brought unless the policy provisions have been complied with. A suit brought against us must be filed by the earliest of the following dates: 1) two years from the date we accept or reject the claim; or 2) three years from the date of loss that is the subject of the claim.

Appellees further challenged appellants' fraud claim, asserting that they did not make a material misrepresentation to appellants. As evidence, they submitted the claim acknowledgment letter, the denial letter, inspection reports, and the policy, among other things.

Appellants responded to the motion for summary judgment, asserting that WRI made a material misrepresentation on September 10, 2018, that their claim would not be denied or accepted until the sworn proof of loss requirement was met. According to appellants, they relied on this representation that a sworn proof of loss was necessary in order to process their claim. Appellants further stated that they relied on the representation that their claim was covered and would be paid.

The trial court granted appellees' motion for summary judgment and awarded costs

3

against appellants. The final judgment did not award trial attorney's fees but awarded appellate attorney's fees to appellees. This appeal followed.

## II.   OBJECTIONS TO EVIDENCE

By their second issue, which we address first, appellants argue that the trial court erred in overruling their objections to appellees' summary judgment evidence, namely, exhibits B, C, D, E, F, G, H, I, M, N, O, and P. The extent of their argument is as follows:

> The trial court abused its discretion in overruling the [appellants'] objection to [appellees'] evidence which probably caused the rendition of an improper judgment. [Appellants'] objections are found at pages 28–30 of their Response to the motion for summary judgment and are incorporated herein. [Appellants] request that their objections be reviewed by this Court, be sustained, and the offending evidence be excluded from the summary judgment record with the result that the summary judgment is reversed.

An appellate brief must "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See* TEX. R. APP. P. 38.1(i); *Lopez v. State*, 672 S.W.3d 915, 928 (Tex. App.—Corpus Christi–Edinburg 2023, pet. ref'd) (holding that appellant's issue was waived through failure to provide citations to the record and to pertinent legal authority); *see also White v. Lozano*, No. 13-24-00336-CV, 2025 WL 1788040, at *10 (Tex. App.—Corpus Christi–Edinburg June 30, 2025, no pet.) (mem. op.). "[P]arties asserting error on appeal still must put forth some specific argument and analysis citing the record and authorities in support of their argument." *Green v. Richard D. Davis, L.L.P.*, 593 S.W.3d 842, 851 (Tex. App.—Houston [14th Dist.] 2019, pet. denied). In this regard, "[b]riefing waiver occurs when a party fails to make proper citations to authority or to the record, or to provide any substantive legal analysis." *Id.* We will not fashion an appellate argument for appellants. Accordingly, this issue is waived.

4

### III.    SUMMARY JUDGMENT

By their first issue, appellants argue the trial court erred by granting appellees' motion for summary judgment.

### A.    Standard of Review

We review a trial court's order granting summary judgment de novo. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). The movant on a traditional motion for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Lujan*, 555 S.W.3d at 84. A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). When reviewing a trial court's ruling on a summary judgment motion, we must: (1) take as true all evidence favorable to the non-movant and (2) indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Lujan*, 555 S.W.3d at 84.

A defendant urging summary judgment on an affirmative defense is in the same position as a plaintiff urging summary judgment on a claim. *Nowak v. DAS Inv. Corp.*, 110 S.W.3d 677, 680 (Tex. App.—Houston [14th Dist.] 2003, no pet.). "An affirmative defense does not seek to defend by merely denying the plaintiff's claims, but rather seeks to establish an independent reason why the plaintiff should not recover." *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 212 (Tex. 1996). If a defendant moving for summary judgment establishes all the elements of an affirmative defense as a matter of law, the burden of production then shifts to the non-movant to raise a genuine issue of material

fact or show the defendant's legal position is unsound. *See G.C. Bldgs., Inc. v. RGS Contractors, Inc.*, 188 S.W.3d 739, 741–42 (Tex. App.—Dallas 2006, no pet.). The non-movant's response will defeat a facially valid affirmative defense if it raises a fact issue on an element of the affirmative defense. *See Si Kyu Kim v. Harstan, Ltd.*, 286 S.W.3d 629, 633 (Tex. App.—El Paso 2009, pet. denied). If the non-movant fails to do so, the defendant will have conclusively established its affirmative defense and its right to summary judgment. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008).

## B.      Statute of Limitations

Generally, the statute of limitations for a breach of contract claim is four years from the day the cause of action accrues; however, parties may contract for a shorter period in which they may file a breach of contract claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 163.051; *Spicewood Summit Office Condos. Ass'n, Inc. v. Am. First Lloyd's Ins.*, 287 S.W.3d 461, 464 (Tex. App.—Austin 2009, pet. denied). The insurance code provides that a contractual limitations period may not end before the earlier of "two years from the date the insurer accepts or rejects the claim." TEX. INS. CODE ANN. § 2301.010; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 16.070(a) ("[A] person may not enter a stipulation, contract, or agreement that purports to limit the time in which to bring suit on the stipulation, contract, or agreement to a period shorter than two years."). The statute of "[l]imitations begins to run upon accrual of the cause of action." *Barker v. Eckman*, 213 S.W.3d 306, 311 (Tex. 2006). "[C]auses of action under the Insurance Code . . . based on a denial of insurance coverage or benefits accrue on the date the insurer denies coverage." *Walker v. Presidium, Inc.*, 296 S.W.3d 687, 694 (Tex. App.—El Paso 2009, no pet.).

The summary judgment evidence shows that appellants filed an insurance claim on September 7, 2018. Appellants denied the claim on September 24, 2018, and the case was closed on that day. Under appellants' policy provision and in accordance with the insurance code, any cause of action related to the policy must have been filed within two years after the claim was accepted or rejected. Consequently, the limitations period expired on September 24, 2020. *See* TEX. INS. CODE ANN. § 2301.010. Appellants filed suit on February 3, 2021—well past the limitations period. Because appellees established the affirmative defense of the statute of limitations, the burden shifted to appellants to either show an exception or a defense to the enforcement of the statute of limitations. *See G.C. Bldgs., Inc.*, 188 S.W.3d at 741–42.

In their response, appellants asserted that they did not "knowingly or voluntarily" accept any contractual provision and "never agreed to any contractual provision with [appellees] to shorten the four-year statute of limitations for bringing a breach of contract claim." However, it is undisputed that the two-year limitation language is included in their policy. *See* TEX. INS. CODE ANN. § 2301.010. Appellants submitted an affidavit of an attorney wherein the attorney stated that she reviewed appellants' policy, and it was her opinion that the claim and suit limitation endorsement did not set forth a limitation period because it "appears to be ambiguous or fatally inconsistent."[1]

"An ambiguity does not arise merely because a party offers an alternative conflicting interpretation." *See Great Am. Ins. v. Primo*, 512 S.W.3d 890, 893 (Tex. 2017).

---

[1] By their second issue, appellants argue that the trial court erred by granting appellees' objections to this affidavit. We assume but do not decide that appellants' second issue has merit, and we will consider the affidavit in our analysis of appellants' first issue.

"A contract's plain language controls . . . [a]nd we assign terms their ordinary and generally accepted meaning unless the contract directs otherwise." *Id.* Here, the language in the policy is clear and tracks the language of the insurance code: suit must be filed within two years of acceptance or rejection. *See* TEX. INS. CODE ANN. § 2301.010. It is undisputed that appellants did not file suit within two years of their claim's rejection. Appellants thereafter cannot create a fact issue that terms of the contract are void by merely submitting an affidavit alleging so. *See JAW The Pointe, L.L.C. v. Lexington Ins.*, 460 S.W.3d 597, 603 (Tex. 2015) ("[A]mbiguity does not exist simply because the parties interpret a policy differently."). Simply stated, appellants did not adduce any summary judgment evidence raising a fact issue in avoidance of the statute of limitations.

We conclude appellants conclusively proved their statute of limitations affirmative defense, and appellees did not raise a fact issue as to any element of the defense or show any exception to the defense. *See Si Kyu Kim*, 286 S.W.3d at 633. Therefore, the trial court properly granted summary judgment in favor of appellees on appellants' breach of contract claim.

## C.    Fraud

In the trial court, appellees argued that appellants could not maintain a fraud cause of action against them because appellees did not make a material misrepresentation to appellants. Alternatively, appellees argued appellants could not have justifiably relied on any alleged material misrepresentations. The elements of common law fraud are as follows: (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act

8

upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result. *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018) (internal quotations omitted). As evidence, appellees attached the claim acknowledgment letter. In it, WRI informed appellants that within ninety-one days of the loss, appellants must provide to WRI a signed, sworn proof of loss, a form which they enclosed. It further stated that this action was "necessary before [their] claim can be accepted." Similarly, under "Your Duties After Loss," the policy states the following: "In the event of loss to any property that may be covered by this policy," you must "within 91 days of our request give us a signed, sworn proof of the loss." It is undisputed that appellants did not provide a signed, sworn proof of loss within ninety-one days of either the loss or the claim acknowledgement letter.

Appellees further attached the September 24, 2018 denial letter. The letter states that WRI "has completed its investigation for the claim and damage," and based on its review, it "determined that [appellants'] claim is not covered under the policy." The letter informed appellants that WRI's inspector observed water leaking around the rims of all bathtubs "due to deteriorated sealant." Additionally, the letter states that American Leak Detection inspected the property and determined "there are no leaks in pressurized lines," and the water damage was instead caused by "water leaking around the bathtubs every time the shower [was] used." Appellees provided appellants with this assessment, which revealed that the damage to the bathroom areas was "caused by the sealant/caulk leaking around the tub and fiberglass connection" and appeared to be "less than 20 days old." The denial concluded: "Unfortunately, the policy excludes damage caused by the repeated leakage of water from any source," and they have "no alternative but to decline"

9

the claim. The letter instructed appellants that if they disagreed with WRI's analysis, appellants must inform them and provide them with additional information as to why they disagree.

In response, appellants attached an affidavit wherein Lopez stated that during the inspection, a WRI inspector "told [me] that my water loss damages claim was covered," and Lopez thereafter relied on this representation to make repairs to the home in the amount of $20,000. In the affidavit, Lopez stated that had he known that appellees would not pay the claim, he would not have made these repairs. Notwithstanding Lopez's affidavit, appellees repeatedly informed appellants—in writing—that their claim would not be covered, and appellants did not submit a sworn proof of loss within ninety-one days of the loss as unambiguously required by the policy. Thus, considering all evidence in favor of appellants and crediting this evidence favorable to appellees, we conclude that appellees conclusively established that appellants could not have justifiably relied on any alleged material misrepresentations, and appellees' summary judgment evidence— namely, Lopez's statement that a representation was made to him—does not preclude appellants' controverting evidence. *See* TEX. R. CIV. P. 166a(c); *Lujan*, 555 S.W.3d at 84. To the contrary, the summary judgment evidence in this case provided that appellees diligently informed appellants that their claim was denied and the reasons why. *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010) ("[A] person may not justifiably rely on a representation if there are 'red flags' indicating such reliance is unwarranted." (cleaned up)). It further gave appellees instructions on how to proceed if they disagreed with appellants' assessment, which appellants did not do. *See id.* Accordingly, the trial court did not err in granting summary judgment dismissing

appellants' fraud cause of action. We overrule appellant's first issue.

## IV. ATTORNEY'S FEES

### A. Appellate Attorney's Fees

By their last issue, appellants argue that "[i]t was error to award fees [to appellees] in the absence of any evidence," and "[i]t was error to not condition the attorney's fees award."

An unconditional award of appellate attorney's fees is improper because "an award of appellate attorney's fees must be conditioned upon the appellant's unsuccessful appeal." *Sagredo v. Bell*, 689 S.W.3d 407, 415 (Tex. App.—Corpus Christi—Edinburg 2024, no pet.). Generally, the proper remedy for an unconditional award of appellate attorney's fees is to modify the trial court's judgment and make the award contingent upon the receiving party's success on appeal. *See Hoefker v. Elgohary*, 248 S.W.3d 326, 332–33 (Tex. App.—Houston [1st Dist.] 2007, no pet.). A "party seeking to recover contingent appellate fees" needs to "provide opinion testimony about the services it reasonably believes will be necessary to defend the appeal and a reasonable hourly rate for those services." *Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 355 (Tex. 2020); *see also Salinas Constr. Techs., Ltd. v. City of Corpus Christi*, No. 13-22-00416-CV, 2024 WL 1781923, at *14 (Tex. App.—Corpus Christi–Edinburg Apr. 25, 2024, pet. denied) (mem. op.). Here, the trial court awarded appellees appellate fees but did not condition the award upon appellees' success on appeal. Thus, the trial court erred.

However, appellants submitted an affidavit where counsel averred that he is a partner in a law firm, and he has thirty-eight years of practice. Partners in his firm bill at $200 to $210 an hour while associates bill at $175 to $185 an hour, which he stated was

reasonable and customary in this region. Counsel stated that he has handled over 225 appeals and original proceedings, and he is a board certified civil appellate attorney. According to counsel, based on the factors listed in his declaration, his firm will reasonably spend approximately 150 to 160 hours working in handling an appeal; if oral argument is granted, the firm will spend another thirty-five to forty hours working and presenting the oral argument. If an appeal is filed with the Texas Supreme Court, he anticipates the firm will spend seventy-five to ninety hours to appeal through the petition for review stage, an additional 125 to 140 hours working through merits briefing, and an additional seventy to ninety hours preparing and presenting oral argument in that stage of the appeal. Based on her hourly rate, appellants would incur an additional $30,000 in the appellate court and an additional $7,500 for oral argument; an additional $15,000 in the Texas Supreme Court at the petition for review stage; an additional $25,000 for representation at the merits stage; and an additional $15,000 for oral argument at the final stage. This testimony was uncontroverted.

We conclude this evidence was legally sufficient to support the award of appellate attorney's fees. *See Yowell*, 620 S.W.3d at 355; *see also Salinas*, 2024 WL 1781923, at *14. However, the trial court erred in awarding unconditional appellate attorney's fees, so we modify the judgment to make the award of appellate attorney's fees contingent upon the receiving party's success on appeal. *See Ansell Healthcare Products, Inc. v. United Med.*, 355 S.W.3d 736, 745 (Tex. App.—Houston [1st Dist.] 2011, pet. denied).

## B.     Attorney's Fees

By their cross appeal, appellees argue that the trial court erred in denying their

attorney's fees pursuant to § 37.009.

Section 37.009 of the civil practice and remedies code provides that a trial court "may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009. We review an award or denial of attorney's fees under the Declaratory Judgments Act for an abuse of discretion. *See Preston State Bank v. Willis*, 443 S.W.3d 428, 434 (Tex. App.—Dallas 2014, pet. denied) (citation omitted). The act "does not require an award of attorney fees to the prevailing party," and any "award is within the trial court's discretion." *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998). Therefore, "we will not reverse a trial court's decision absent a clear showing of an abuse of discretion." *Est. of Butts*, 686 S.W.3d 768, 778–79 (Tex. App.—Beaumont 2023, no pet.).

Although appellees prevailed in the trial court and prevail in this Court, appellees were not entitled to attorney's fees as a matter of law. *See id.* "Instead, under the declaratory judgment statute an attorneys' fee award is committed to the trial court's sound discretion." *Id.* Section 37.009 expressly states that a trial court may award attorney's if the fees are equitable and just. TEX. CIV. PRAC. & REM. CODE ANN. § 37.009. Thus, even if appellees have shown that their attorney's fees were reasonable and necessary, a trial court may determine that an award of such fees would not be equitable and just. *See id.*; *Est. of Butts*, 686 S.W.3d at 779; *see also Bocquet*, 972 S.W.2d at 21. Based on this record, we cannot conclude that the trial court committed a clear abuse of discretion in denying appellees' discretionary attorney's fees. *See Est. of Butts*, 686 S.W.3d at 779. We overrule appellees' sole point in their cross-appeal.

13

## V.    CONCLUSION

We affirm the trial court's judgment as modified.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
25th day of September, 2025.